(SPACE BELOW FOR FILING STAMP ONLY)

**ROGER T. NUTTALL #42500**
**NUTTALL & COLEMAN**
2445 Capitol Street, Suite 150
FRESNO, CA 93721
PHONE (559) 233-2900
FAX (559) 485-3852

ATTORNEYS FOR Defendant
TALAL ALI CHAMMOUT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

\* \* \* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>TALAL ALI CHAMMOUT,<br><br>        Defendant. | Case No.: 1:06 cr 00426 OWW<br><br>**MEMORANDUM IN SUPPORT OF**<br>**RELEASE ON BOND**<br><br>DATE: January 8, 2007<br>TIME: 9:00 a.m.<br>DEPT.: #2, OLIVER W. WANGER |

TO:   THE HONORABLE OLIVER W. WANGER, JUDGE OF THE UNITED STATES DISTRICT COURT; AND TO THE OFFICE OF THE UNITED STATES ATTORNEY, BY AND THROUGH CARL M. FALLER, JR., ASSISTANT UNITED STATES ATTORNEY.

On or about December 15, 2006, before the Honorable Magistrate Judge, LAWRENCE J. O'NEILL, counsel for TALAL ALI CHAMMOUT submitted the Declaration of ROGER T. NUTTALL in support of the prospect of bail.

In addition, counsel submitted news articles from the Porterville Reporter respecting Mr. Chammout's civic commitment and involvement. Additionally, character letters from Don R. Dowling, Mathew P. McCracken, and Tim Satterfield were submitted. All of these materials are attached hereto as Exhibit "A".

Additionally, counsel has received a faxed letter dated January 5, 2007, from Attorney Steven A. Silver of Porterville. Counsel submits that Mr. Silver's comments directly address the issues before the court.  Said letter is attached as Exhibit "B".

Counsel, at the time of the hearing before Magistrate Judge O'Neill, introduced to the court Mr. Nasser Chammout, Talal Chammout's brother, who lives in Dearborn, Michigan.  The court and counsel were presented with a copy of a Quitclaim Deed to certain property in Dearborn, Michigan, together with a loan commitment document from CommeicA Bank, in the amount of $400,000.00.  The said Quitclaim Deed and the loan commitment document are attached hereto as Exhibit "C".  Nasser Chammout has not acted upon the loan commitment as yet.

In this sense, it has been his intention to build a commercial center on the particularly piece of property.  In this latter regard, attached please find a lengthy document dated July 5, 2006, entitled "A Complete Appraisal and a Summary Report" respecting the said property, indicating, in essence, that the "as is" market value for the subject property as of that date was $250,000.00, with a prospective market value, upon completion, of $1,130,000.00.  The said summary appraisal report is attached hereto as exhibit "D".

Additionally, attached as Exhibit "E" are title documents establishing that fee-simple interest in the property in the name of Nasser Chammout.

Counsel can represent to the court that this property is apparently free and clear, whereby it may serve as real property to support a release for Mr. Chammout upon property bond.

In the final analysis, notwithstanding the instant charges, Talal Chammout's significant business interest in Porterville is currently in extreme jeopardy due to his absence. In this regard, reference is made to the earlier declaration of counsel which is part of Exhibit "A". Indeed, because of Mr. Chammout's absence from the business, it is simply no longer viable. It is not operative. Mr. Chammout is no longer at the helm of the business. As such, the relationships necessary to continue operations are no longer existent. His release is absolutely necessary in order that the business relationships may be re-established to the point where he may, again, become operational. In order to try to salvage this business, counsel has even discussed with Talal Chammout and his brother, Nasser Chammout, the prospect of Nasser Chammout essentially taking over the running of the business in his brother's absence. While this prospect is perhaps possible, it could only be accomplished if Talal Chammout were to be allowed released for even a specific period of time in order to assist his brother in re-establishing the business relationships necessary to allow the business to once again be operational. In this sense, release could be for a specific period of time in order to accomplish these objectives pursuant to the property bond, together with electronic monitoring and regular contact with Pretrial Services.

In making this suggestion, counsel is certainly not unaware of the fact that this case has been portrayed as having terrorist overtones. Quite frankly, while counsel does not have anything close to complete discovery in this matter, counsel has received a copy of the Search Warrant Affidavit. In this

particular regard, it is noted, first of all, that there are hints of entrapment associated with the entire scenario.  Aside from that, however, and most important, is the fact that there really exists no evidence of any actual terrorist activities on Mr. Chammout's part, or any evidence of him doing any act which would suggest actual terrorist activity.  In the final analysis, a reading of the Affidavit and the Search Warrant, produces allegations of a good deal of "talk" only, with no actual efforts at accomplishing any form of terrorist activity.

In the end, assuming that the validity of certain allegations, the most that can be established is perhaps the possibility of possession of certain weapons, in addition to possession of stolen property.  The prospective "danger" component is missing.  In this particular context then, counsel's suggestion respecting a meaningful attempt at salvaging Mr. Chammout's ongoing business appears reasonable.

DATED: January 8, 2007.

Respectfully submitted,

NUTTALL & COLEMAN

By: _____
    /S/ Roger T. Nuttall
    ROGER T. NUTTALL
    Attorneys for Defendant
    TALAL ALI CHAMMOUT

4

## DECLARATION OF ROGER T. NUTTALL

STATE OF CALIFORNIA, )

COUNTY OF FRESNO.      ) SS.

I, ROGER T. NUTTALL, declare that:

1.    I am an attorney licensed to practice law in the State of California and in the State of Utah, as well as in the United States District Court for the Eastern District of California, and that I am the attorney of record for TALAL ALI CHAMMOUT, the Defendant herein;

2.    The factual statements and assertions which are contained in the instant pleading are true and correct to the best of counsel's knowledge and belief, and as to those matters stated on information and belief, I believe them to be true.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct and that this Declaration was executed this __8__ day of January, 2007, at Fresno, California.

                              /S/ Roger T. Nuttall
                                ROGER T. NUTTALL

EXHIBIT A

(SPACE BELOW FOR FILING STAMP ONLY)

ROGER T. NUTTALL #42500
WESLEY E. STUPAR #229868
NUTTALL & COLEMAN
2333 MERCED STREET
FRESNO, CA 93721
PHONE (559) 233-2900
FAX (559) 485-3852

ATTORNEYS FOR   Defendant,
        TALAL ALI CHAMMOUT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

* * * * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>TALAL ALI CHAMMOUT,<br><br>            Defendant. | 1:06-mj-00309-LJO<br><br>DECLARATION OF ROGER T. NUTTALL IN SUPPORT OF SETTING OF BAIL<br><br>Date: December 15, 2006<br>Time: 2:00 p.m.<br>Courtroom: 8<br>Magistrate Judge Lawrence J. O'Neill |

I, ROGER T. NUTTALL, declare as follows:

1.    I am an attorney licensed to practice law in the State of California and before the United State District Court, Eastern District of California.

2.    That on December 12, 2006, my office was contacted with reference to the prospect of representing Talal Ali Chammout in the above captioned action.

3.    That pursuant to the prospect of representing Mr. Chammout, I visited with him on two separate occasions in the Fresno County Jail.

4.    I have learned in conversing with Talal Ali Chammout that he has operated the Trucker's Oil Company since 1987. As the sole principal in this ongoing business, he operates as a gasoline jobber wherein he deals with numerous refineries pursuant to the authority of the State and Federal government. As a gasoline jobber, Mr. Chammout's company obtains orders for gasoline from some seventy to one hundred gas stations, truck stops, etc. wherein they obtain loads of product from the refineries and deliver the product to the customers. Mr. Chammout is personally responsible for obtaining orders and dispatching his tankers in orchestrating this overall process. Since he works long days in what is essentially his commitment to be available twenty-four hours a day, seven days a week, he has nobody else to handle this orchestration of pickup and deliveries.

He has been in business for almost twenty years, and he maintains four tankers for these purposes. The gross annual sales from the business is approximately twenty million dollars. In terms of his employees, he employs one vice president, Mike Algonym. Mr. Algonym has a wife and three children. In addition, he employs three HAZMAT certified drivers, and one other person, each of whom have spouses and families. All of these employees and their families are dependant upon the viability of Mr. Chammout's business for their livelihood. Mr. Chammout adamantly maintains that if he is forced to remain in custody, he will not be able to maintain his business operation.

Mr. Chammout does not present to the Court as a flight risk or as a risk of harm to anybody. The United States is his home,

2

and he would never consider leaving his home or the business in which he has invested most of his adult life. He has three children ages 11, 9, and 7, who live with their mother in Dearborn, Michigan. Mr. Chammout's entire family lives in the United States. He has five brothers and three sisters. He is a United States citizen, and he presents himself as a good citizen, having become a citizen after arriving in the United States in 1980.

By way of Mr. Chammout's personal history, he left the country of Lebanon in 1973, with his family, at the age of fourteen. His family moved to Liberia (in Africa) where he attended the American Community School. Thereafter, he worked at a United States Air Force base in Liberia. The family then proceeded to immigrate to the United States where his family resided in the city of Dearborn, Michigan. For a while, Mr. Chammout worked for the city of Dearborn in their parks division. Thereafter, with his brother, they bought a convenience store. After learning of the prospect of the sale of a truck stop in California, he did, in 1987, move to Porterville, at which time he began to operate a truck stop in Porterville. The truck stop portion of Mr. Chammout's business ventures was sold in 2003; however, based upon the fact that the buyers/new owners of the truck stop defaulted in terms of their obligations, Mr. Chammout now has taken back the truck stop and is in the process of reconstituting that particular business.

Mr. Chammout related to counsel that on Monday, December 11, a significant amount of money, roughly $260,000.00, was deposited with a refinery in the terms of the ongoing business efforts of

3

the Trucker's Oil Company.   It is, therefore, incumbent upon Mr. Chammout that he be able to follow through with his commitments relative to delivery, further payments, etc.

Counsel has also learned that members of Mr. Chammout's family shall be present at the detention hearing to be conducted in this matter.   These family members should be able to present to the Court an indication that there exists sufficient equity in property to support a release on an adequate and reasonable property bond.   In this regard, it is respectfully submitted that this particular gentleman presents himself as a solid individual who, pending a resolution of the instant charges, is indeed a suitable subject for release on a reasonable and adequate property bond.

Upon information and belief, as presented to counsel by Talah Ali Chammout, counsel declares under penalty of perjury that the foregoing is true and correct.

Dated: December 15, 2006

By: _____
ROGER T. NUTTALL

4