(SPACE BELOW FOR FILING STAMP ONLY)

**ROGER T. NUTTALL #42500**
**WESLEY E. STUPAR #229868**
**NUTTALL & COLEMAN**
2333 MERCED STREET
FRESNO, CA 93721
PHONE (559) 233-2900
FAX (559) 485-3852

ATTORNEYS FOR  Defendant,
    TALAL ALI CHAMMOUT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

\* \* \* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>TALAL ALI CHAMMOUT,<br><br>            Defendant. | 1:06-cr-00426 OWW<br><br>**DECLARATION OF ROGER T. NUTTALL IN SUPPORT OF SETTING OF BAIL**<br><br>Date: February 14, 2007<br>Time: 12:15 p.m.<br>Courtroom:<br>Honorable Oliver W. Wanger |

I, ROGER T. NUTTALL, declare as follows:

1.    I am an attorney licensed to practice law in the State of California as well as before the United States District Court, Eastern District of California.

2.    That I represent TALAL CHAMMOUT in the instant action.

3.    That on or about January 11, 2007, the Honorable Judge Wanger, in the hearing relative to the prospect of setting bond, thought that to allow Defendant the possibility of a mechanism by which he might attempt to reconstitute his business interests even while in custody.  By January 30, 2007, plans were in place

to allow for such a meeting, whereby the Defendant, together with his brother, Nasser Chammout, and three employees, met in an office within the Federal building, wherein Assistant United States Attorney, Stanley Boone, and two federal agents were present.

4. That during that meeting, the Defendant was allowed access to a phone, as well as business records which had been brought to the meeting. Internet access was not available as of the date of that meeting. Over the course of the meeting, the Defendant was able to contact numerous suppliers to whom he owed money, as well as other individuals who owed him money. It became apparent that these suppliers, while happy to hear from the Defendant, were skeptical in dealing with him due to the fact that these individuals could not discuss business matters with the Defendant on a more frequent basis, and/or see him in person. With respect to the Defendant's customers, the circumstances of the meeting manifested the Defendant's clear inability to collect money which he is owed from the customers, in order to pay the suppliers. In this regard, at one point in the meeting, the Defendant made telephone contact with an individual who owed him money. This particular individual informed the Defendant that if Mike, one of the Defendant's employees, stopped by his office, he would give to Mike the outstanding payment owed to the Defendant. Mike, therefore, left the federal building to attend to this particular individual's business in order to obtain the money. However, upon arriving at this individual's business, the individual was unwilling to pay Mike, wherein Mike was then told by this individual to leave the premises.

5.    That it is now clear that individuals involved in this overall business venture are only willing to deal with the Defendant on a personal basis.

6.    That it is also clear that the oil/gasoline jobber business is sufficiently complicated that Nasser Chammout shall not be able to successfully run this business, without the Defendant's constant and personal guidance.

7.    That it is respectfully suggested that should the Defendant be released from custody on a significant bond, and upon an electronic monitor, he would be able to successfully operate and reconstitute his failing business.  On the other hand, if he is not given such an opportunity, the business shall, in fact, collapse in its entirety, wherein the Defendant shall not be able to pay outstanding obligations to suppliers of over $478,000.00

8.    That with respect to the allegations of criminal wrongdoing in Wayne County, Michigan, as referenced in the past hearing, attached, as Exhibit "A," are documents from the State of Michigan, Third Circuit Court, for Wayne County, in Case Number 05-3454, indicating the fact of a conditional plea having been entered by the Defendant in that jurisdiction, wherein the charges were dismissed in their entirety on May 31, 2006.

9.    That with respect to the issue of ongoing compliance by the Defendant with his child support obligations, attached as Exhibit "B" are sixteen pages of documents attesting to the fact that in July 2006, the Defendant paid child support and spousal support in the amount of $66,000.00, and that on August 30, 2006, he paid child support and spousal support in the amount of

3

$17,850.00, which brought his obligation current as of September 30, 2006. That with respect to this issue, counsel is also aware that during the month of January 2007, payment was made on Mr Chammout's behalf, on account of child support and spousal support, of approximately $24,000.00, bringing the child support and spousal support current to date.

10. That most significant with respect to this ongoing issue is the fact that if the Defendant is not released, and should his business fail, this will undoubtedly end any ability of his to honor these obligations further.

11. That in order to attempt to accommodate the ongoing viability of the Trucker's Oil Company business, Nasser Chammout is believed to be in the process of purchasing Trucker's Oil Company, Inc., wherein, on January 19, 2007, the Defendant herein authorized his brother to open a bank account in the name of Trucker's Oil Company, whereby he would be further authorized to conduct the business of the said Trucker's Oil Company, through said account. In this latter regard, attached please find Exhibit "C," a copy of the resolution in that regard.

12. That under the circumstances attendant to this most unfortunate situation, it is believed that the interests of all parties would be adequately served by the posting of a significant bond, as suggested heretofore, together with the imposition of all necessary restrictions including, but not limited to, electronic monitoring.

The factual statements and assertions which are contained in the instant pleading are true and correct to the best of counsel's knowledge and belief, and as to those matters stated on

4

information and belief, I believe them to be true.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct and that this Declaration was executed this 12th day of February, 2007, at Fresno, California.

By: /s/ Roger T. Nuttall
_____
ROGER T. NUTTALL