McGREGOR W. SCOTT
United States Attorney
STANLEY A. BOONE
DAWRENCE W. RICE
Assistant U.S. Attorneys
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 01: 06-CR-00426 OWW |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OF PLEA AGREEMENT PURSUANT TO RULE 11(c) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| TALAL ALI CHAMMOUT, | ) | Date: To Be Determined Time: To Be Determined |
| Defendant. | ) | |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGregor W. Scott, the United States Attorney for the Eastern District of California, and Assistant United States Attorney Stanley A. Boone, and Defendant, Talal Ali Chammout, and his attorney, Roger T. Nuttall, have agreed as follows:

1.  Charges.

The defendant acknowledges that he has been charged in a two count indictment as follows:

1

Felon in Possession of Firearms, in violation of Title 18, United States Code, Section 922(g)(1); and

Conspiracy to Possess Stolen Government Property, in violation of Title 18, United States Code, Sections 371 and 641.

2.  Nature, Elements and Possible Defenses.

The defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.  Further, the defendant fully understands the nature and elements of the crime in Count One of indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

COUNT ONE:

The elements of the crime of Felon in Possession of a Firearm are:

First,     the defendant knowingly possessed a firearm,

Second,    the firearm had been shipped or transported in interstate commerce; and

Third,     at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

3.  Agreements by the Defendant.

(a)  Defendant agrees that this plea agreement shall be filed with the court and become a part of the record of the case.

2

(b)   Defendant agrees to enter a plea of guilty to Count One of the indictment which charges him with Felon in Possession of Firearms, in violation of Title 18, United States Code, Section 922(g)(1).

(c)   Defendant understands and agrees that he will not be allowed to withdraw his plea should the Court fail to follow the government's sentencing recommendations.

(d)   Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, conviction and sentence.  This waiver of appeal includes, but is not limited to, an express waiver of defendant's right to appeal his plea, conviction and sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, and defendant further agrees not to contest his plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255.

(e)   Defendant further acknowledges that his plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce the defendant to plead guilty.

(f)   Defendant agrees that his base offense level for Felon in Possession of Firearms is twenty-two (22) pursuant to Section 2K2.1(a)(3) of the United States Sentencing Commission Guidelines

3

Manual, plus six (6) levels for more than 25 but less than 99 firearms (§ 2K2.1(b)(1)(C)).

(g)   Defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(h)   The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 543 U.S. 220 (2005)), and must take them into account when determining a final sentence.   Defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines.   Defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in

4

formulating the Guidelines. Defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

4.    Agreements by the Government.

(a)    The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in Section 3E1.1 of the United States Sentencing Commission Guidelines Manual.

(b)    The government agrees that the defendant's base offense level for Felon in Possession of Firearms is twenty-two (22) pursuant to Section 2K2.1(a)(3) of the United States Sentencing Commission Guidelines Manual, plus six (6) levels for more than 25 but less than 99 firearms (§ 2K2.1(b)(1)(C)).

(c)    The defendant acknowledges and understands that the government makes no other representations to him regarding fines, whether any other specific offense characteristics apply to his conduct, his criminal history or criminal history points under Chapter Four or whether additional enhancements or reductions under Chapter Three or Five of the United States Sentencing Guidelines apply and defendant understands that the government is free to comment and to make recommendations to the court and the

probation office regarding those matters.

(d)   The government agrees to dismiss Count Two of the indictment at the time of sentencing.

5.   Factual Basis.

Defendant will plead guilty because he is in fact guilty of the crime set forth in Count One of the indictment.   Defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:

Beginning at a time unknown but no later than June 1, 2004 and continuing to December 7, 2006, the defendant knowingly possessed firearms which firearms had been shipped and transported in interstate and foreign commerce.

Specifically, on or about December 7, 2006, the defendant was in possession of five (5) Beretta pistols which firearms had been shipped and transported in interstate and foreign commerce.  The defendant possessed these firearms because on December 7, 2006, the defendant had purchased these firearms from a cooperating witness for $1,000.  At the time of the purchase, the defendant believed that the firearms were stolen United States government property.

Also on December 7, 2006, the defendant knowingly possessed approximately forty (40) other firearms including three AK 47's, one TEC 9, and one Mini 14, which described firearms were semiautomatic firearms capable of accepting a large capacity magazines in that the firearm had attached to it a magazine or similar device that could accept 15 or more rounds of ammunition.  These described firearms had also been shipped in interstate and foreign commerce.

On or about December 10, 2004, the defendant purchased two sets of night vision goggles, one small arms protective insert, two chemical suits, two ballistic vests, one set of lower torso fragmentation armor and four pairs of hot weather combat boots, believing that such property was stolen United States government property.

On or about June 27, 1995, the defendant was convicted of a felony for Assault with Force Likely to Cause Great Bodily Injury, in violation of California Penal Code Section 245(a)(1), in Tulare County Superior Court, California such a violation being a crime of violence, punishable by a term of imprisonment exceeding one year.

6.    Potential Sentence.

The following is the maximum potential sentence which defendant faces:

(a)    Imprisonment.

Maximum: Ten (10) years.

(b)    Fine.

Maximum:    Two Hundred and Fifty Thousand dollars ($250,000.00).

(c)    Both such fine and imprisonment.

(e)    Term of Supervised Release:

Maximum: Three (3) years

(Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the period of supervised release actually imposed by the Court or two (2) years, whichever is less.)

(f)    Penalty Assessment.

Mandatory: One Hundred dollars ($100.00).

7.    Waiver of Rights.

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a)    If defendant persisted in a plea of not guilty to the charges against him, he would have the right to be represented by an attorney at all stages of the proceedings, and would have a

7

right to a public and speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b)  If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random.  Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c)  If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(d)  At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront

8

those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, one would be appointed for him by the court at no expense to him.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

8. Questions by Court.

Defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

9. Entire Agreement.

This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those

9

set forth in this plea agreement.  There have been no representations or promises from anyone as to what sentence this Court will impose.

10.  Court not a Party.

It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 6.  Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the indictment.

11.  Presentence Report.

Defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of defendant's activities and his background.  It will then prepare a presentence report which it will submit to the Court as its independent sentencing recommendation.  In addition, the government will fully apprise the Probation Office, as well as the Court, of the full and true nature, scope and extent of the defendant's criminal activities,

//

//

//

10

including information on his background and criminal history.

McGREGOR W. SCOTT
United States Attorney

DATED: 6/7/07          By _____
                          STANLEY A. BOONE
                          Assistant U.S. Attorney

DATED: 6.5.07          _____
                          TALAL ALI CHAMMOUT
                          Defendant

DATED: 6-5-07          _____
                          ROGER T. NUTTALL
                          Attorney for Defendant

11