EXHIBIT "A"



المَعْهَدُ العَرَبِيُّ الأَمْرِيكِيُّ لِلْكُغَاتِ

# Arab American Language Institute

TRANSLATION · INTERPRETING · TRAINING · CONSULTING

12740 W. Warren Ave., Suite 100 · Dearborn, MI 48126 · Phone: (313) 457-1700 · Fax: (313) 457-1701
E-mail: info@aalisolutions.com · Website: www.aalisolutions.com

## Translator's Affidavit

I, the undersigned, Muhannad F. Haimour, of the Arab American Language Institute, hereby certify that I am a certified Translator of the Arabic and English Languages, and that the annexed translation of the document is full, true, and faithful translation by me on:    FEB 0 5 2007

In view thereof, I hereby sign accordingly and impress my seal.

Total number of pages including this affidavit: 11

_____
Translator: Muhannad F. Haimour

State of Michigan, County of Wayne
As subscribed and sworn to before me
this    FEB 0 5 2007

_____
Notary Public

KOLTHUM HAIMOUR
Notary Public - Michigan
Wayne County
My Commission Expires Sep 6, 2012
Acting in the County of



المَعْهَدُ الْعَرَبِيُّ الأَمْرِيكِيُّ لِلْكُغَـاتِ

## Arab American Language Institute

TRANSLATION · INTERPRETING · TRAINING · CONSULTING

12740 W. Warren Ave., Suite 100 · Dearborn, MI 48126 · Phone: (313) 457-1700 · Fax: (313) 457-1701
E-mail: info@aalisolutions.com · Website: www.aalisolutions.com

-1-

| **Margin** | -Ruling- |
|---|---|
| <u>Private</u> 2004/160 <u>D. A.</u> 2486 <br><br> Committing Battery, injuring and shooting from an unlicensed military pistol <br><br><br> <u>Resolution No.</u> 207 <br><br><br><br> [Stamp] **Republic of Lebanon, Ministry of Justice, Investigation Department, South Lebanon** | I, Hassan Shahrour, Investigative Judge at the South: Having reviewed the petition No. 2486/2004 of August 14, 2004 as well as its attachments, and having examined the content of November 8, 2004, as well as all the papers: <br> It appears that the following was attributed to the defendant: <br> 1- Talal Ali El-Chammout, his mother is Ayn Al-Hayat, he was born in 1959, and Lebanese. <br> Not too long ago at Al-Abassiyeh, he struck the Plaintiff Ferial Ezzedine on her head using a sharp instrument and causing her harm. He also shot her with an unlicensed military pistol, threatening her. <br><br> The crimes are stipulated in the articles 555, 572, 72 and 73 – firearms. <br><br> As a result of the investigation, the following has been revealed: <br><br> First, regarding the facts: <br> -The plaintiff who is the defendant's wife has filed a complaint against the latter [continue on the following page] |

I am a certified translator in both English languages and that the above translation, made to the best of my knowledge and skill, is a proper translation of the ...

Signature: MW Hawm

FEB 0 5 2007

المَعْهَدُ الْعَرَبِيُّ الأَمَرِيكِيُّ لِلُّغَاتِ

## Arab American Language Institute
TRANSLATION · INTERPRETING · TRAINING · CONSULTING

12740 W. Warren Ave., Suite 100 · Dearborn, MI 48126 · Phone: (313) 457-1700 · Fax: (313) 457-1701
E-mail: info@aalisolutions.com · Website: www.aalisolutions.com

-2-

| Margin | |
|---|---|
| | [Continue from previous page] stating that on July 18, 2004, she went with her husband and their minor son Shiraz to the area of Kadmous to look at a real estate property that they intend to build on. There, he asked her to come out of the car and she noticed that his intention towards her is not good. After that, she expressed her dislike of the location of the property. They got back into the car and went to the town of Al-Abbassiyeh where their house is located and under construction. However, he stopped away from the house and asked her to step out of the car; she initially hesitated then agreed due to his insistence. And that while she was checking on her son who was sleeping on the back seat, the defendant brought a piece of steel wrapped in a cloth from the trunk of the car and struck her several times on the back of her head. She started screaming until his sister Samar and a few people came. Then he pulled out a military pistol and shot one bullet towards her, which missed her but hit the car's roof. As a result people gathered and worked on taking him away. She was transported to the hospital. |
| [Stamp] **Republic of Lebanon, Ministry of Justice, Investigation Department, South Lebanon** | The defendant denied the charges against him, denying the existence of a disagreement between him and his wife, and alleging that her injury is due to her falling on the ground while they were inspecting their house that's under construction at Al-Abbassiyeh, and because she suffers from dizziness while in the car and confirming [continue on next page] |

المَعْهَدُ العَرَبِيُّ الأَمْرِيكِيُّ لِلّكُغَـاتِ

## Arab American Language Institute

TRANSLATION · INTERPRETING · TRAINING · CONSULTING

12740 W. Warren Ave., Suite 100 · Dearborn, MI 48126 · Phone: (313) 457-1700 · Fax: (313) 457-1701
E-mail: info@aalisolutions.com · Website: www.aalisolutions.com

**-3-**

| Margin | |
|---|---|
| | [continue from previous page] that he spent two nights with his wife after this incident in Soor Rest Area [written on the margin] and positively denying shooting her or even possessing a weapon.

Second, regarding Evidence:

These facts are supported by:
1-The Claim.
2-The preliminary and interrogatory investigation.
3-The documents and the presented medical reports.
4-The witnesses' affidavits and the conducted interview.
5-The overall investigation.

Third, the law:
What the defendant is accused of involves two crimes: Battery and Injury using a sharp object and firing an unlicensed military pistol, an examination about the existence of both crimes or any one of them should be conducted.

Regarding the crime of battery and causing injury:

Whereas the plaintiff is asserting that she was struck on her head from behind by her husband who used a sharp object wrapped with a cloth, whereas the latter denies striking her and asserting that she fell on the ground.

Whereas, it has not been made clear during the investigation in all its phases, especially from listening to the testimony of the witnesses [continue on next page] |
| [Stamp] **Republic of Lebanon, Ministry of Justice, Investigation Department, South Lebanon** | |

المَعْهَدُ العَرَبِيُّ الأَمْرِيكِيُّ لِلُّغَـاتِ

## Arab American Language Institute

TRANSLATION · INTERPRETING · TRAINING · CONSULTING

12740 W. Warren Ave., Suite 100 · Dearborn, MI 48126 · Phone: (313) 457-1700 · Fax: (313) 457-1701
E-mail: info@aalisolutions.com · Website: www.aalisolutions.com

**-4-**

| Margin | |
|--------|--|
| | [continue on next page] who were listening, that the defendant did in fact strike his wife, which was confirmed by the two witnesses Ali Hammoud and Farouk Fardon who denied having any knowledge or even witnessing the battery incident.

Whereas the lack of evidence confirming any prior disagreement between the couple, as well as their two consecutive meetings after the incident, affirms the exclusion of the theory that battery has occured.  The lack of evidence against the defendant in this incident requires that charges be dismissed.

Regarding the firing of an unlicensed military pistol: Whereas the plaintiff alleged when stating the facts of the case, that after the defendant had struck her and after people gathered, he pulled out a military pistol and fired one bullet which missed her and hit the roof of the car; which was denied by the latter.

Whereas the aforementioned witnesses confirmed that they did not hear any shooting coming from the location of the incident, and especially that one of them, Ali Hammoud, works at a place "very close from the place of the incident", "and it would have been expected for him to hear such shooting", according to his statement.

And whereas no firearm was found during the preliminary investigation [continue on next page] |

المَعْهَدُ العَرَبِيِّ الأَمْرِيكِيُّ لِلـّّغَـاتِ
## Arab American Language Institute
TRANSLATION · INTERPRETING · TRAINING · CONSULTING

12740 W. Warren Ave., Suite 100 · Dearborn, MI 48126 · Phone: (313) 457-1700 · Fax: (313) 457-1701
E-mail: info@aalisolutions.com · Website: www.aalisolutions.com

**-5-**

| Margin | |
|---|---|
| | [continue from previous page] And since the car's roof which the plaintiff claims was struck by the bullet was not examined, the shooting incident has not been confirmed which consequently dictates to dismiss the charges against the defendant regarding this matter also, for lack of evidence.<br><br>Therefore,<br><br>We hereby decide based on the review and other elements:<br><br>First, to dismiss the case against the defendant Talal Chammout regarding crimes of the two articles 554 [Arabic Letter] and 73 (Firearms). For lack of evidence. |
| Reviewed November 11, 2004 [Signature] | Second, to dismiss the case regarding crimes of the two articles 572 (Penal Code) and 72 (Firearms) for lack of evidence.<br><br>Third, the plaintiff will be responsible for the legal fees and expenses.<br><br>                        Saida November 11, 2004 |
| [3 stamps] **Republic of Lebanon, Ministry of Justice, Investigation Department, South Lebanon**<br><br>[4 Postal Stamps] | [Stamp & Signature] **The Investigative Judge in South Lebanon, Hassan Shahrour**<br>[Stamp] True Copy of the Original, Saida November 17, 2004<br>[Stamp & Signature] **Head clerk of the investigation Department, Pierre Samia**<br>[Stamp] **Republic of Lebanon, Ministry of Justice, Investigation Department, South Lebanon.**<br>[Postal Stamp] |

I, the undersigned, hereby certify that I am a certified translator in the Arabic and English languages, and that the above translation, made by me, to the best of my knowledge and belief is a correct translation of the document.

[Lebanon-800-T2-2-2-Chammout]

EXHIBIT "B"

THE LAW OFFICES OF

## STEVEN A. SILVER
83 E. HARRISON AVENUE
PORTERVILLE, CALIFORNIA 93257-3700

January 5, 2007

E-MAIL: SILVER@SILVERLEGAL.COM
WEB: WWW.SILVERLEGAL.COM

TEL (559) 788-2906
FAX (559) 788-2909

To Whom It May Concern:

I am writing to give the Court and others concerned my thoughts regarding the character of Talal "Ted" Chammout, who is facing federal charges. I have known Ted since I moved my practice to Tulare County in 1999. He was one of my first clients here, and over the last eight years I have handled approximately 10 matters for him, all civil.

I have seen Ted repeatedly make gifts, interest-free loans or extend credit to those in need. In fact, on at least one occasion, Ted hired a woman who was down on her luck to clean up his mini-mart — even though the place was already clean. He did so simply to help her out, yet let her maintain some dignity.

Ted is also well known in the Porterville community for his generous assistance to those in need or other worthy causes. For example, he has sponsored numerous people who have been enrolled in the drug court program, and he spent his own money to help the local American Legion post move a tank onto their premises. He also makes generous donations to many nonprofit organizations such as Ducks Unlimited. As another example, I arranged for a church softball team to use the batting cages at Ted's business facility. He not only opened up the cages for us all afternoon, he did so at no charge.

I can also state unequivocally that he is not a threat to the community. During the eight years I have known Ted, I have never known him to be violent or threaten violence against anyone, nor has even raised his voice or become angry, and I have represented him in some very emotionally charged matters. He has also scrupulously avoided running afoul of the restrictions placed on him due to his 12-year-old felony conviction. For example, I invited Ted to go hunting with me a few years back. He politely refused, reminding me that as a convicted felon he could not possess firearms.

Based on my personal knowledge, I believe Ted is both honest and honorable. I trust him completely and believe he is neither a threat to the community nor a flight risk.

Sincerely yours,

Steven A. Silver

C:\Legal\casefile\133-Chammout\10-US\USDC.010507

THE LAW OFFICES OF
# STEVEN A. SILVER
83 E. HARRISON AVENUE
PORTERVILLE, CA 93257-3700
TELEPHONE: 559/788-2906
TELEFAX: 559/788-2909

## FAX TRANSMISSION SHEET

DATE: January 5, 2007 FILE NO.: 133-10

PLEASE DELIVER TO: Roger Nuttall, Esq.

FAX NUMBER: (559) 485-3852

FROM: Steven A. Silver, Esq.

TOTAL NUMBER OF PAGES INCLUDING COVER SHEET: 2

MESSAGE:

THIS FAX IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT THE INTENDED RECIPIENT, ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL FAX TO US AT THE ABOVE ADDRESS BY U.S. MAIL. THANK YOU.



EXHIBIT "C"



# CALVARY BAPTIST CHURCH

*"Lighthouse on the Corner"*

1768 N. NEWCOMB ST.
PORTERVILLE, CA   93267
(559)783-0857

PASTOR DALE SEAMAN
CBCSEAMAN@MSN.COM

2/9/07

Dear sirs:

I am writing on behalf of Talal Chammout. I have know Ted for almost 15 years. He has attended the church I pastor every once in a while, but I know him more personally as a friend. I was surprised to read all that the papers have said about him.

I did know that he was having problems with his wife from talking with him. And I knew that he was having problems with the store, as that is where we buy our gas.

Two of my sons have worked for Ted in the past and I have seen him in many different situations. I have seen him upset but never violent. He is always under control even when upset.

He has been generous in looking for ways that he can help the church many times in the past. The community is very important to him and I know he is active in encouraging many different organizations.

In all our conversations we have had Ted has never expressed anything but admiration for this country. He is always thankful for all that he has received by living here.

Sincerely,

Pastor Dale R. Seaman

EXHIBIT "D"

# S. MILES ESTNER, MD
## FORENSIC PSYCHIATRY

**PO BOX 3318**
**SAN LUIS OBISPO, CA  93403-3318**

**FAX:**      **805.544.5506**
**PHONE:** **805.234.2278**

June 11, 2007

Mr. Roger T. Nuttall
Attorney at Law
Nuttall & Coleman
2445 Capitol Street, #150
Fresno, CA 93721

**RE:**    Case 1:06CR00426-OWW
CHAMOUT, Talal Ali
Forensic Consultation
Hearing Date: Pending

Dear Mr. Nuttall,

This document is respectfully submitting following your request that I examine the Defendant and produce a written report of my findings.

**IDENTIFICATION:** Talal Chamout is a 48 year-old (born 1/1/59) long-time resident of Porterville, California, currently In Custody at the Fresno County Jail, charged in Federal Court with Felon in Possession of Firearms, and Conspiracy to Possess Stolen Government Property, for alleged events of June 1, 2004 – December 7, 2006. I examined Mr. Chamout at the Jail on Tuesday, March 20, 2007. Prior to the examination, I reviewed the provided materials, including the Indictment, Reports and Letters. At the outset of the examination, I explained the purpose for the examination and its relative lack of confidentiality. He agreed to proceed on that basis. With his permission, I subsequently interviewed brother, Nasser Chamout.

**LEGAL ISSUE:** Whether or not the Defendant's mental state pertains to the allegations.

**OPINION:** In my professional opinion, Talal Chamout's mental state DOES pertain to the allegations, with pertinent positives and negatives. He has a very trusting and open nature, and a somewhat desperate desire to be liked and to succeed and win favor of others, with corresponding vulnerability to boundary areas and manipulations. Absent are problems with drugs or alcohol or formal mental illness or psychopathic or antisocial traits, a 'bad' marriage notwithstanding. Mr. Chamout has very good prospects for rehabilitation under these circumstances. I hold these opinions for the following reasons.

1

Talal "Ted" Chamout is a 48 year-old long-time resident of Porterville, California, where he built up a Mini-Mart and Trucking Service with local and statewide business contacts. Mr. Chamout is a native of Southern Lebanon, but has lived in the United States since the 1980's, and he underwent a turbulent divorce from with a prior Felony conviction. Brother, Nasser, is a responsive individual residing in Fresno, California.

Mr. Chamout is alleged to have illegally possessed weapons and consped to obtain stolen government property of very disconcerting nature. Yet, Ted Chamout manifests no background to suggest the propensity for criminal, highly sophisticated weapons transactions or conspiracies.

He was born in South Lebanon, but has lived in this country since his 20's, and has demonstrated the ability to change environments and succeed in small business. People who have known him for over 20 years, as well as those who have known him personally and professionally for more than 10 years, and in his local community, and local newspaper, all speak well of him, as an honest, non-violent, generous man.

I emphasize 'generous' because I think it is a key to understanding how I see Mr. Chamout, bad marriage notwithstanding, as an honest, open, man with a somewhat desperate need to succeed, the latter being an Achilles Heel to boundary violations and manipulations.

Letters from business associates and personal friends describe Talal Chamout as a generous man, for friends, and even family of friends and innocent victims. I believe that Chamout's fundamental nature is good, but that his desire to win favor and succeed makes him vulnerable to negative influence.

Examining Mr. Chamout is being in the presence of a gentleman. He is clean, groomed, polite, and formal. His manners are distinctly respectful. He makes a good impression, despite his impoverished surroundings, even before trust or rapport of the interview are established.

Also, despite the seriousness of the charges, and additional general confidentiality concerns in a Correctional setting, Mr. Chamout is surprisingly easy to put at ease. Rapport develops quickly, and he speaks freely and freely offers permission and contact information for collateral contacts.

Absent are any risk factors for Sociopathy, including absence of juvenile delinquency, very limited adult criminal behavior in the emotional context of divorce and contested child custody, absence of problems with alcohol, drugs, gangs, no tattoos, no piercings, and obviously present respect for authority, broad acceptance of social values, intact family and friendships, despite being severely tested.

Also absent are any symptoms of major mental illness. No Depression, Mania, Psychosis, Mental or Physical Deficiency or Suicidality as would indicate instability or predisposition to rational or irrational violence.

Talal Chamout's examination in Jail, with his apparent success at maintaining his dignity even there, speaks to his ability to succeed in challenging environments. The ease with which he

2

established trust in this examination confirmed both his open, honest nature and a profound susceptibility to manipulation.

The totality of the information reviewed, with 2-page signed petition, letters from Law Enforcement, from an Officer of the Court, from personal and professional associates, and even public news, testify to Mr. Chamout's successful ability to win favor, not through criminal conduct or bad character or deviousness or violence or illegal conspiracies, but through acts of kindness and generosity and basic, fundamental honesty.

Open in his history of his life, as well, specifically regarding developments in Porterville, the pattern that emerges is not a manipulative criminal or sociopath, but rather an anxious man with some desperation to be liked and to make a good impression in order to succeed.

His qualities and tendencies in these regards, in my professional, forensic, psychiatric opinion, account for someone like Mr. Chamout being in circumstances like these.

**MENTAL STATUS EXAMINATION:** Talal Chamout is a cooperative, polite, fastidiously groomed Jail examinee.

His speech is soft but clear, and movements are normal, non-focal, neurologically. Some lower stiffness and need to ambulate after prolonged sitting.

Mood is okay. Affect is mildly depressed and anxious.

Thoughts are logical. No psychosis, mania or suicidality.

Intellectual function shows above average intelligence, and generally intact attention, memory and concentration, other than the stress of indictment and incarceration.

**DIAGNOSIS:**

| | | |
|---|---|---|
| Axis I. | No Major Mental Illness |
| Axis II. | No Anti-Social Personality Disorder |
| Axis III. | Medically Appropriate for Age |
| Axis IV. | Commensurate Stressors |
| Axis V. | GAF = 75 |

**SUMMARY:** In my professional opinion, Talal Chamout's mental state does pertain to the allegations against him.

He is an open, honest man who easily develops trust, with a somewhat desperate desire to make a good impression and to succeed, with a corresponding vulnerability to boundary areas and manipulation.

His qualities and tendencies in these regards, in my professional, forensic, psychiatric opinion, account for someone like Mr. Chamout being in circumstances like these. He is a very good candidate for rehabilitation, being demonstrably responsive to corrective rehabilitative experiences, and being innately open to suggestion, eager to please, and desirous of succeeding and improving.

Thank you for having requested my opinion in this matter. I hope that these efforts are helpful to the Court in its deliberations.

Sincerely,

S. Miles Estner, MD

4