ROGER T. NUTTALL-SBN. 42500
NUTALL & COLEMAN
2445 Capitol St. # 150
Fresno, CA 93721
Tel: 559.233.2900
Fax: 559.485.3852

STEPHEN T. CLIFFORD-SBN. 39020
TIMOTHY M. OSBORN-SBN. 239453
CLIFFORD & BROWN
1430 Truxtun Avenue, Suite 900
Bakersfield, CA 93301
(661) 322-6023
(661) 322-3508 Fax

Attorneys for Defendant,
TALAL ALI CHAMMOUT

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DIVISION OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TALAL ALI CHAMMOUT,<br><br>Defendant. | ) Case No.: 1:06 cr 00426 OWW<br>)<br>)<br>) **NOTICE OF APPLICATION AND**<br>) **APPLICATION FOR WRIT OF HABEAS**<br>) **CORPUS AD TESTIFICANDUM**<br>)<br>) DATE:  October 9, 2007<br>) TIME:  3:00 p.m.<br>) DEPT.:  3<br>)<br>) |

TO THE CLERK OF COURT, ALL PARTIES HEREIN AND THEIR ATTORNEYS OF

RECORD:

PLEASE TAKE NOTICE that subject to the Court's willingness to issue an order allowing him

to do so, Defendant Talal Ali Chammout will apply for a writ of habeas corpus ad testificandum on

Tuesday, October 9, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard.   Said

1

Application will be made pursuant to 28 U.S.C.S. § 2241 (c)(5) in Courtroom 3 of the above captioned court, located at 2500 Tulare Street, Fresno, California 93721.

This Application will be based on the following points and authorities, the Declaration of Stephen T. Clifford, the records on file with the Court in this matter, and upon such further evidence as may be presented at the hearing on this matter.

DATED: October 5, 2007                                    CLIFFORD & BROWN

By____/s/ Timothy M. Osborn_____
STEPHEN T. CLIFFORD
TIMOTHY M. OSBORN
Attorneys for Defendant,
TALAL CHAMMOUT

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Defendant Talal Ali Chammout ("Mr. Chammout") is scheduled to be sentenced in this matter on Tuesday, October 9, 2007 at 3:00 p.m. At the same time, Mr. Chammout is currently a defendant in a pending civil action in the California Superior Court, County of Tulare, entitled Chammout vs. Chammout, case no.: 05-214206 (the "State Civil Action"). Trial in the State Civil Action is scheduled to commence on November 13, 2007 in Visalia.

Since Mr. Chammout's presence at trial in the State Civil Action is necessary to ensure full protection of his constitutional rights, and in light of the fact that Mr. Chammout is scheduled to be sentenced in this matter on October 9th, Mr. Chammout now makes this Application For A Writ Of Habeas Corpus Ad Testificandum so that he may be brought to court for his trial in the State Civil Action.

### II.

### BACKGROUND FACTS

On or about April 29, 2005, Mr. Chammout's wife, Ferial Chammout, filed the State Civil Action against Mr. Chammout. In that action, Mrs. Chammout is advancing causes of action for intentional infliction of emotional distress and assault and battery. In their simplest terms, the specific factual allegations against Mr. Chammout in that action are that during a trip to Lebanon, Mr. Chammout physically attacked Mrs. Chammout, causing her certain serious physical injuries. As mentioned previously, trial in the State Civil Action is scheduled to commence on November 13, 2007 at the Visalia Courthouse. It is expected that the trial in that action will last no more than 2 to 3 days, including jury selection.

In the instant action, Mr. Chammout has pled guilty to a charge of Felon in Possession of Firearms, in violation of Title 18, United States Code, Section 922 (g)(1). Mr. Chammout is scheduled to be sentenced in connection with his guilty plea on October 9, 2007 at 3:00 p.m. The maximum potential sentence that Mr. Chammout faces includes imprisonment for a term of up to ten years.

///

3

DEFENDANT'S APPLICATION FOR AN ORDER SHORTENING TO HEAR DEFENDANT'S APPLICATION FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM

## III.

### <u>ARGUMENT</u>

**A.    <u>The District Court Has The Discretion To Issue The Writ</u>**

"The decision to issue [a writ of habeas corpus ad testificandum] rests within the sound discretion of the district court." *Spears v. Chandler,* 672 F.2d 834, 835 (11th Cir. 1982).  In *Ballard v. Spradley,* 557 F.2d 476, 479-480 (5th Cir. 1977), the court stated the following regarding the writ of habeas corpus ad testificandum:

> "Precedent for the district court's use of the writ of habeas corpus ad testificandum to command the presence of these witnesses is steeped in history.  Judge Blackstone describes habeas corpus as 'the most celebrated writ in the English law.  Of these are various kinds made use of by the courts at Westminster, for removing prisoners from one court into another, for the easy administration of justice.  [citation omitted] The writ of habeas corpus ad testificandum, issued to secure the presence of a prisoner at trial for testimony, is among those listed."

It is well established that 28 U.S.C.S. § 2241 expressly grants the district courts the power to issue such a writ.  *See Id.*; *See also Ballard v. Spradley, supra* at 480.  28 U.S.C.S. § 2241 (c)(5) states (in pertinent part):

> "(a)  Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
>
> . . .
>
> (c)  The writ of habeas corpus shall not extend to a prisoner unless--
>
> . . .
>
> (5)  It is necessary to bring him into court to testify or for trial.

The correct procedural vehicle for securing the attendance of a prisoner in civil litigation is the writ of habeas corpus ad testificandum.  *See Hawks v. Timms,* 35 F.Supp.2d 464, 468 (1999)(footnote 4); *Pollard v. White,* 738 F.2d 1124, 1125 (11th Cir. 1984).

///

///

///

4

DEFENDANT'S APPLICATION FOR AN ORDER SHORTENING TO HEAR DEFENDANT'S APPLICATION FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM

**B.    The Writ Should Issue Based On The Significance Of The Rights Involved And The Factors Traditionally Considered By The Courts**

i.    *Important Due Process Rights Are At Stake*

"Prisoners have a constitutional right to adequate, effective and meaningful access to the courts." *Spears v. Chandler,* 672 F.2d 834, 835 (11th Cir. 1982). "A fair trial in a fair tribunal is a basic requirement of due process" (*Painter v. Leeke,* 48 F.2d 427, 429 (4th Cir. 1973)) and "the fundamental right of due process is the right to be heard at a meaningful time and in a meaningful manner" (*Mathews v. Eldridge,* 424 U.S. 319, 333 (1976)). Furthermore, while it is true that a prisoner's right to be present at his civil trial is limited[1] , it is clear that where a prisoner's ability to fully defend himself in a civil action depends on his presence at trial, it is a violation of his due process rights to preclude him from attending. *See Spears v. Chandler, supra* at 835; *See also Payne v. Superior Court,* 17 Cal.App.3d 908, 915 (1976)("The basic issue is whether or not the defendant, in the particular circumstances of the case will be able to establish his defense without being personally present upon the trial...If he cannot, the denial of presence would be a denial of due process." [citation omitted]).

There is no question that Mr. Chammout's presence at trial in the State Civil Action will be vital to the full defense of his case. Mr. Chammout figures to play a key role in the examination of adverse witnesses during trial by consulting with his counsel on areas of examination, credibility of certain testimony, and to supply information to counsel that counsel may not have previously been aware of. Without Mr. Chammout's presence, counsel's ability to examine witnesses will certainly be diminished. Moreover, there is no question that Mr. Chammout's credibility will suffer in his absence. Jurors will likely suspect that Mr. Chammout simply does not care enough about the case to attend in person, or, even worse, they may suspect that Mr. Chammout has been convicted of criminal charges in connection

---

[1] *See Price v. Johnston,* 334 U.S. 266 (1948).

with the plaintiff's assault and battery allegations.  Negative effects on Mr. Chammout's defense in the State Civil Action such as these are exactly the type that the fundamental rights to be heard and to a fair trial were meant to protect against.

That Mr. Chammout's absence at trial will present a realistic threat to his due process rights is confirmed in cases such as *McElwain v. Harris,* 2006 U.S. Dist. LEXIS 21856 and *Hawks v. Timms, supra.*  In *McElwain,* the court addressed the effect of the prisoner-defendant's absence from trial in a civil action against her for allegedly causing the death of the decedent in a drunk-driving accident. Specifically, the court stated "[t]o try the case against an empty chair could send a strong implicit message to the jury that [the defendant] compounded her stipulated fault by neglecting even to attend trial, thereby risking a distinct and more profound disruption of fairness." *McElwain,* at p. 9.  And in *Hawks,* the court emphasized the importance of a prisoner-litigant's presence at trial in a civil matter as follows:

> "As [the prisoner-litigant] points out, [the parties adverse to the prisoner-litigant] will be present in the Court to tell their story and establish eye contact and rapport with the jury.  If [the prisoner-litigant] 'appears' only through affidavit or deposition, he will be put at a significant disadvantage." *Hawks,* at 468.

The *Hawks* court went on to quote a passage from *Ballard v. Spradley, supra,* wherein the court in that case stated "Where the record requires the trier of fact to make credibility choices, the need to observe the principal witnesses requires no elaboration."[2] *Id.*

Based on the above, it is undeniable that Mr. Chammout's fundamental due process rights will be violated if he is precluded from attending trial in the State Civil Action.  The fact that Mr. Chammout will be represented by counsel at trial in that action is of no consequence. *See McElwain, supra,* at p. 6

---

[2] It should be noted that Mr. Chammout is scheduled to be deposed on October 10, 2007, the day after the sentencing hearing in this action.

6

("[A] civil party who desires to be present at trial may not be arbitrarily excluded merely because she has obtained representation…To exclude a party on that basis would violate due process. [citation omitted]). As a result, the Writ sought herein should issue.

ii.    ***The Factors Enunciated In Muhammad And Ballard Weigh In Favor Of Issuing The Writ***

Two opinions which are often relied upon in cases involving writs of habeas corpus ad testificandum are *Muhammad v. Baltimore City Jail,* 849 F.2d 107 (4th Cir. 1988) and *Ballard v. Spradley,* 557 F.2d 476 (5th Cir. 1977). *Muhammad,* the more recent of the two cases, reiterated the list of factors that *Ballard* first set forth for use in determining whether such a writ should issue. In addition, the court in *Muhammad*, court strongly emphasized the fact that "[f]irst consideration should be given to securing the prisoner's presence, at his own or government expense, for trial of his action." *Muhammad,* at 113. The court continued by stating:

> "If [the prisoner's presence] is determined to be infeasible, all other reasonably available alternatives to trial with his presence should be considered, with indefinite stays and dismissals for failure to prosecute only being considered, if at all, as last resorts. In deciding which alternative to follow, the court should consider at a minimum the following factors:
> (1)    Whether the prisoner's presence will substantially further the resolution of the case, and whether alternative ways of proceeding, such as trial on depositions, offer an acceptable alternative.
> (2)  The expense and potential security risk entailed in transporting and holding the prisoner in custody for the duration of the trial.
> (3)  The likelihood that a stay pending the prisoner's release will prejudice his opportunity to present his claim [or defense], or the [adverse party's] right to a speedy resolution of the claim." *Id.*

Regarding the first *Muhammad* factor, Mr. Chammout's presence will certainly further the resolution of the case as the plaintiff in the State Civil Action will have added incentive to settle the matter knowing that Mr. Chammout will be present at trial. (The plaintiff's motivation to settle without Mr. Chammout's presence at trial will most likely be significantly lower because of the distinct

DEFENDANT'S APPLICATION FOR AN ORDER SHORTENING TO HEAR DEFENDANT'S APPLICATION FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM

advantage the plaintiff will have in Mr. Chammout's absence.)  In addition, in the event that the State Civil Action does not settle, the interests of justice will be furthered by ensuring the protection of Mr. Chammout's due process rights.  As for the second *Muhammad* factor, Mr. Chammout is currently being housed in the Fresno County prison system.  If the Court issues the Writ sought herein and orders that Mr. Chammout remain in Fresno after he is sentenced in this action, or that he be sent to a nearby federal prison pending the resolution of the State Civil Action, the expense in transporting him will be relatively insignificant as the distance from Fresno to Visalia is less than 50 miles.[3]  Moreover, the State Civil Action is unlikely to last more than two to three days, including jury selection, and Mr. Chammout has demonstrated during the prosecution of this action that he is not a "potential security risk." Therefore the expense and potential security risk in transporting Mr. Chammout to trial in the State Civil Action are minor.  Finally, the third factor set forth in *Muhammad* weighs heavily in favor of issuing the Writ sought herein due to the fact that Mr. Muhammad will likely be sentenced to a term in this matter that would render a stay of the State Civil Action prejudicial to the plaintiff's case.  Since all three of the *Muhammad* factors favor the issuance of the Writ, this Application should be granted.

### iii.    The U.S. Marshals Service Exists To Service The Federal Forum In Civil And Criminal Litigation

Many cases involving applications for writs of habeas corpus ad testificandum devote a great amount of attention to the court's jurisdiction over marshals in their analysis.  Thus, it is important to discuss the portion of the opinion in *Ballard, supra* that squarely addresses this issue.  In *Ballard,* the U.S. Marshals Service appealed an order requiring a local marshal to transport prisoner-plaintiffs to the

---

[3] It should be noted that Mr. Chammout may be willing and able to bear the costs of his transportation.  However, due to his current state of incarceration and the rushed nature of this Application Mr. Chammout's ability to do so has not been confirmed.  This issue should be addressed at the hearing in connection with this Application.

DEFENDANT'S APPLICATION FOR AN ORDER SHORTENING TO HEAR DEFENDANT'S APPLICATION FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM

district court so that they could testify in 42 U.S.C. § 1983 actions. 557 F.2d at 478. In holding that the marshal was required to carry out the district court's order, the appellate court explained:

> "The *raison d' etre* of the Marshals Service is to service the federal forum in civil as well as criminal litigation. Congress has directed that marshals may, in the discretion of the district court, where they are located, 'be required to attend any session of court***execute all lawful writs...and command all necessary assistance to execute their duties. The Marshals Service argues that it lacks the funds to transport and return the expected influx of state prisoner-witnesses such as these, a factor which the district court considered in assessing whether the writ should issue...28 U.S.C. § 567 and 28 C.F.R. §§ 0.111(b); (i), 0.138a, 0.142 (1976), provide ample authority for the payment of expenses incurred in carrying out these duties...Once the district court has determined that the prisoner's presence is essential, the possibility that a lack of transportation funds or personnel will develop is no justification for refusing to issue the writ." *Id.* at 481.

Based on the holding in *Ballard*, there can be no doubt that the Court has jurisdiction over the U.S. Marshal Service. Likewise, the *Ballard* opinion makes it clear that burden on the U.S. Marshal Service in transporting a prisoner, such as Mr. Chammout, to trial in a civil action, cannot be considered in the decision to grant or deny an application for a writ of habeas corpus ad testificandum.

## IV.

## CONCLUSION

Based on the foregoing, Defendant Talal Ali Chammout respectfully requests that the Court issue a writ of habeas corpus ad testificandum ordering that Mr. Chammout be brought to trial in the State Civil Action. In addition, if the Court deems it necessary, Mr. Chammout requests that the Court order that Mr. Chammout remain in the Fresno County prison system or a federal prison within a reasonable distance from Visalia, California, until trial in the State Civil Action is complete.

///

///

///

DEFENDANT'S APPLICATION FOR AN ORDER SHORTENING TO HEAR DEFENDANT'S APPLICATION FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM

DATED:   October 5, 2007                    CLIFFORD & BROWN


                                            By____/s/ Timothy M. Osborn_____
                                            STEPHEN T. CLIFFORD
                                            TIMOTHY M. OSBORN
                                            Attorneys for Defendant,
                                            TALAL CHAMMOUT

DEFENDANT'S APPLICATION FOR AN ORDER SHORTENING TO HEAR DEFENDANT'S APPLICATION FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM