**ROGER T. NUTTALL #42500**
**NUTTALL & COLEMAN**
2445 Capitol Street, Suite 150
FRESNO, CA 93721
PHONE (559) 233-2900
FAX (559) 485-3852

ATTORNEYS FOR  Defendant
TALAL ALI CHAMMOUT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

\* \* \* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TALAL ALI CHAMMOUT,<br><br>Defendant. | Case No. 1:06CR00426-OWW<br><br>**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT AND GOVERNMENT'S MOTION FOR UPWARD DEPARTURE PURSUANT TO SECTION 3553 OF TITLE 18, UNITED STATES CODE**<br><br>[Title 18 U.S.C. § 3145]<br><br>Hrg. Date: October 9, 2007<br>Time: 3:00 p.m.<br>Dept.: Hon. OLIVER W. WANGER |

Defendant, Talal Ali Chammout, respectfully submits the following reply to the Government's Response to Defendant's Objections to Presentence investigation Report and Government's Motion for Upward Departure Pursuant to Section 3553 of Title 18, United States Code and the Sentencing Guidelines.

I.

**ARGUMENT**

A.  **This Court Should Grant Mr. Chammout a Downward Departure and Impose a Sentence of No More Than Thirty-Seven to Forty-Six Months**.

In the post Booker era the court should impose what it determines to be a reasonable sentence. United States v. Mohamed (9th Cir. 2006) 459 F.3d 979, 986-987. In its Opposition the

Government contends that this court should impose a sentence of ninety-seven (97) months. Opposition p. 17, Lines 14-15. The Government's request for an upward departure is unreasonable and for the reasons set forth herein, and in Chammout's Sentencing Memorandum, it is suggested, that a reasonable sentence in this matter would be in the range of thirty-seven to forty-six months. Counsel's suggestion is based upon the following:

First, this court should be skeptical of the Government's repeated claims that Mr. Chammout is somehow involved in terrorist activities. An upward departure should not be granted based upon mere allegations of involvement in an organization absent reliable evidence. United States v. Cammisano (8th Cir. 1990) 917 F.2d 1057.

Chammout contends that the Government has failed to introduce sufficient reliable evidence to establish that Mr. Chammout was involved with any terrorist organization. Notwithstanding, the Government continues to make this claim, possibly in an attempt to validate the lengthy fourteen (14) month investigation. Chammout contends that the Government could not substantiate their hunch despite a fourteen (14) month investigation and this court should not now punish Mr. Chammout based upon the Government's unsupported allegations.

Accordingly, Chammout contends that it would be unreasonable to grant an upward departure based upon nothing more than allegations that Mr. Chammout was somehow involved in terrorist activities.

Next, this court should not impose an upward departure based upon the Government's claims that Mr. Chammout has a propensity for violence. Granting an upward departure based upon acquitted conduct is improper absent a finding that the conduct has been proved by a preponderance of the evidence. United States v. Mercado (9th Cir. 2007) 474 F.3d 654.

As was set forth in the Motion, Hassan Shahrour, Investigative Judge at the South, determined that the charges against Mr. Chammout should be dismissed for lack of evidence. Despite this official report, the Government has argued that the court should not consider the findings of Mr. Shahrour's investigation because the report conclusion is unreliable. Opposition p. 13, Line 15-19.

Chammout contends that the Government has failed to make the slightest showing that the

investigative report is unreliable and this court can properly consider the hearsay statements contained in the report. United States v. Hankton (7th Cir 2005) 432 F/3d 779, 790. The Government has the right to introduce evidence to challenge the reliability of hearsay statements used in sentencing. United States v. McClellan (7th Cir. 1999) 165 F.3d 535, 552.

Here, the Government has failed to introduce sufficient evidence to establish that the conclusions made in the report were unreliable. As such, this court should not consider the Government's claim(s) that it would be proper to consider this uncharged conduct in granting an upward departure.

Accordingly, Mr. Chammout requests the court, for sentencing purposes, not consider the above incident in calculating a reasonable sentence.

The Government is also of the position that the circumstances set forth below warrant an upward departure. In this regard the Government requests a departure is proper based upon the following:

(1)    The bankruptcy fraud committed by him when he failed to disclose to the bankruptcy court and the Chapter 7 trustee assigned to his case $80,000.00 in cash held at a bank account at the Mandalay Bar Hotel in Las Vegas, Nevada. The monies were seized shortly after his arrest in December 2007;[1]

(2)    Violated a State Judicial Order by Failing to Abide by the Condition to Not Possess Firearms by possessing firearms; and

(3)    His conduct towards other victims Manal and Pennie Viacrusis both physically and economically.

Each of the Government's request will be discussed below. First, counsel for Mr. Chammout is of the understanding that it was already determined that the $80,000.00 found in Las Vegas is property of Trucker's Oil. As such, counsel understands that an individual claiming bankruptcy would not be required to disclose the assets of a corporation. Therefore, requesting an upward departure based upon such circumstances would not be reasonable.

Next, the court should not grant an upward departure for the exact conduct which led to Mr. Chammout entering a guilty plea. Mr. Chammout is already being punished for this conduct and the Government's request to have an upward departure granted based upon the very conduct which

---

[1]  Mr. Chammout was arrested in December, 2006.

led to the plea is improper and unreasonable.

Finally, Chammout requests that this court not consider the claims allegedly made by Manal Viacrusis and contained in the Government's Exhibit 8. Counsel's request is based upon the simple fact that the Government failed to provide counsel with this information despite having the information in its possession for nine (9) months. Counsel for Chammout further requests that the court view the investigative report with skepticism considering that the statements allegedly made by Manal Viacrusis were made after Mr. Chammout was incarcerated and relate to their business relationship. In this regard, Mr. Viacrusis, who was a tenant of Mr. Chammout, possibly owes Mr. Chammout monies for rent etc., and therefore is likely biased against Mr. Chammout.

Lastly, Chammout requests that this court consider, in sentencing, a sentence imposed in the United States District Court, Central District, in the matter of United States v. Ferro (Docket No. ED CR 06-27 (A) VAP). A true and correct copy of the Judgment and Probation/Commitment Order is attached hereto as Exhibit 1.

The defendant in Ferro, who was convicted of the offense of: Felon in Possession of Firearm, 18 U.S.C. § 922 (g)(1) in Count One of the First Superseding Indictment was sentenced to sixty-five (65) months in prison. The defendant was convicted after his residence was searched and over two hundred (200) firearms were located, thirty-five (35) plus machine-guns, one hundred-thirty (130) silencers, a rocket launcher and eighty-nine thousand (89,000) rounds of ammunition. In Ferro the Government agreed to not seek any upward departure based upon the number of firearms. The Ferro court in determining a reasonable sentence imposed a sentence of sixty-five (65) months determining that was a proper sentence.

In the instant matter, it is suggested that Mr. Chammout's possession of one-fifth of the number of firearms as the defendant in Ferro should warrant a sentence between thirty-seven and forty-eight months. Chammout contends that in imposing this sentence the court should consider Title 18 U.S.C. section 3553 (a)(6) which provides:

(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Here, Mr. Chammout was found in possession of less then forty-seven (47) firearms. Mr. Chammout did not possess a single silencer, yet alone a rocket launcher. Unlike the

defendant in <u>Ferro</u> Mr. Chammout was not in possession of thousands of rounds of ammunition. Based upon the facts of this case a reasonable sentence, in avoiding disparate sentences, would be to impose a sentence significantly less than sixty-five (65) months. Counsel suggests that a reasonable sentence would be thirty-seven to forty-eight months.

**II.**

**<u>CONCLUSION</u>**

In the final analysis, it is suggested, that this court should not impose a sentence of more than thirty-seven to forty-eight months. It is counsel's position that the Government's request for a ninety-seven month sentence is unreasonable and, in essence, is nothing more than the Government's attempt to validate a prolonged investigation which led to the seizure of forty (40) plus firearms. The simple fact is that the Government did not uncover any evidence to support a claim that Mr. Chammout was involved in terrorist activities and the purchase of five (5) firearms nearly fourteen (14) months after the Government began its "mission" to arrest Mr. Chammout does not justify the unreasonable upward departure being requested.

Dated: October 9, 2007.

Respectfully submitted,

NUTTALL & COLEMAN

By: /s/ Roger T. Nuttall
Attorneys for Defendant
TALAL ALI CHAMMOUT

EXHIBIT "A"

Case 5:06-cr-00027-VAP    Document 253    Filed 09/05/2007    Page 1 of 4

## United States District Court
### Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA vs. | Docket No.    ED CR 06-27 (A) VAP |

Defendant    ROBERT FERRO

akas:  Robert Ferro-Soto, Ferro Y. Soto, Roberto Lorenzo

Social Security No. 5   6   1   6
(Last 4 digits)

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| 08 | 27 | 07 |

**COUNSEL**  ☒ WITH COUNSEL    Arturo V. Hernandez, Rhonda Anderson and Lisa Jackson, Retained
(Name of Counsel)

**PLEA**  ☒ GUILTY, and the court being satisfied that there is a factual basis for the plea.  ☐ NOLO CONTENDERE   ☐ NOT GUILTY

**FINDING**  There being a finding/verdict of ☒ GUILTY, defendant has been convicted as charged of the offense(s) of: Felon in Possession of Firearm, 18 U.S.C.§922(g)(1) in Count One of the First Superseding Indictment.

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether defendant had anything to say why judgment should not be pronounced and the defendant addressed the Court. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

**SPECIAL ASSESSMENT**  The defendant shall pay to the United States a special assessment of $100, which is due immediately.

**FINE**  It is ordered that the defendant shall pay to the United States a total fine of $75,000. The fine shall be due in full within 30 days of sentencing.

Pursuant to the Sentencing Reform Act of 1984, and the Court having treated the guideline sentencing range, as a result of Booker and Fanfan, as advisory, and having applied all the relevant factors of 18 U.S.C. § 3553(a), it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 65 MONTHS.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318;

2. During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment;

3. The defendant shall cooperate in the collection of a DNA sample from the defendant.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

On Government's motion, the underlying indictment is ORDERED dismissed.

The Court RECOMMENDS that the defendant be transferred from the Metropolitan Detention Center as soon as possible to a facility as designated by the Bureau of Prisons.

The Court RECOMMENDS a Bureau of Prisons facility in the Southern California area.

Case 5:06-cr-00027-VAP    Document 253    Filed 09/09/2007    Page 2 of 4

USA vs.  ROBERT FERRO                                    Docket No.:  ED CR 06-27 (A) VAP

---

Further, the Court RECOMMENDS that the defendant be evaluated immediately regarding the status of the defendant's diabetes and heart condition.

The Court RECOMMENDS a BOP facility in the Central District Of California.

DEFENDANT INFORMED OF RIGHT TO APPEAL.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

September 5, 2007
_____
Date

_Virginia A. Phillips_
U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

September 5, 2007
_____
Filed Date

By        M. Dillard
_____
Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐    The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

---

CR-104 (11/04)                    JUDGMENT & PROBATION/COMMITMENT ORDER                    Page 2 of 4

Case 5:06-cr-00027-VAP    Document 253    Filed 09/05/2007    Page 3 of 4

USA vs.  ROBERT FERRO                          Docket No.:   ED CR 06-27 (A) VAP

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs.   ROBERT FERRO                                     Docket No.:   ED CR 06-27 (A) VAP

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____

Date                                      Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____

Filed Date                                Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          _____
         Defendant                         Date

_____                    _____
U. S. Probation Officer/Designated Witness  Date

CR-104 (11/04)                **JUDGMENT & PROBATION/COMMITMENT ORDER**                Page 4 of 4

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - SENTENCING AND JUDGMENT

Case No.    ED CR 06-27 (A) VAP _____    Date    August 27, 2007

Present: The Honorable    VIRGINIA A. PHILLIPS

| Marva Dillard | Phyllis Preston | Dennise Willett |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| Defendant | Counsel for Defendant | Retd. DFPD Panel | Interpreter |
|---|---|---|---|
| | Arturo V. Hernandez, Rhonda Anderson | | |
| ROBERT FERRO | Lisa Jackson | X | N/A |

**PROCEEDINGS:**          **SENTENCING AND JUDGMENT**

**✗** Refer to Judgment and Probation/Commitment Order; signed copy separately submitted.    ____ See below for sentence.

____ Imprisonment for _years/months_ ____ on each of counts _____
Count(s) _____ concurrent/consecutive to count(s) _____

____ Fine of $_____ is imposed on each of count(s) concurrent/consecutive.

____ Execution/Imposition of sentence as to imprisonment only suspended on count(s) _____

____ Confined in jail-type institution for _____ to be served on consecutive days/weekends
commencing _____

____ years/months Supervised Release/Probation imposed on count(s) _____
consecutive/concurrent to count(s) _____
under the usual terms & conditions (see back of Judgment/Commitment Order) and the following additional terms and conditions, under the direction of the Probation Office:

____ Perform _____ hours of community service.
____ Serve _____ in a CCC/CTC.
____ Pay $_____ fine amounts & times determined by P/O.
____ Make $_____ restitution in amounts & times determined by P/O.
____ Participate in a program for treatment of narcotic/alcohol addiction.

____ Pay any fine imposed by this sentence & that remains unpaid at commencement of community supervision. Comply with rules/regulations of BICE, if deported not return to U.S.A. illegally and upon any reentry during period of supervision report to the nearest P/O within 72 hours.

____ Other conditions: _____

____ Pursuant to Section 5E1.2(e), all fines are waived, including costs of imprisonment & supervision. The Court finds the defendant does not have the ability to pay.

____ Pay    $_____ per count, special assessment to the United States for a total of $_____

____ Imprisonment for _months/years_ and for a study pursuant to 18 USC _____
with results to be furnished to the Court within _days/months_ whereupon the sentence shall be subject to modification. This matter is set for further hearing on _____

**X** Government's motion, Underlying Indictment, ordered dismissed.

**✗** Defendant informed of right to appeal.

____ ORDER sentencing transcript for Sentencing Commission.    **✗** Processed statement of reasons.

____ Bond exonerated ____ upon surrender    ____ upon service of _____

____ Execution of sentence is stayed until 12 noon, _____
at which time the defendant shall surrender to the designated facility of the Bureau of Prisons, or, if no designation made, to the U.S. Marshal.

____ Defendant ordered remanded to/released from custody of U.S. Marshal forthwith.

____ Issued Remand/Release    # _____

**✗** Filed and distributed judgment.

Defendant's Motion to Compel Bureau of Prisons to Provide Medical Care and Request for Expedited Consideration is
**X** Other  rendered moot. _____

Initials of Deputy Clerk    _____2____:____15____
md

cc: