McGREGOR W. SCOTT
United States Attorney
STANLEY A. BOONE
KIRK E. SHERRIFF
Asst. United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone:  (559) 497-4000
Facsimile :  (559) 497-4099

Attorneys for the
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TALAL ALI CHAMMOUT,<br><br>Defendant. | Case No.:  1:06-CR-00426 OWW<br><br>OPPOSITION TO DEFENDANT'S APPLICATION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM<br><br>Date:  October 12, 2007<br>Time:  11:30 a.m.<br>Court:  3<br>  (Hon. Oliver W. Wanger) |

The United States opposes defendant's application for a writ of habeas corpus ad testificandum requiring the United States Marshal's Service to ensure defendant's presence for a civil trial in Tulare County Superior Court.  Rather than seeking an order from the Tulare County Superior Court, where his state civil action is pending, defendant inappropriately seeks to burden this Court with evaluating, based on incomplete information and on unjustifiably short notice, defendant's alleged need to be present at a state civil case unrelated to any matter pending before this Court.

There is no basis for issuance of a writ of habeas corpus ad testificandum in this case.  First, it is the state court that should determine any alleged need for defendant's

presence at the state court trial.  Second, none of the relevant factors support issuance of a writ of habeas corpus ad testificandum.  Third, defendant, an incarcerated prisoner, does not have a due process right to be personally present at his state civil trial, particularly as defendant is adequately represented by legal counsel in that case.

A.    There Is No Basis for Issuance of a Writ of Habeas Corpus Ad Testificandum

    1.    Defendant Should Seek Relief from the State Court Concerning any Alleged Need for Defendant's Presence at His State Civil Trial

Defendant should have sought relief from the state court in which his state civil action is pending, rather than burdening this Court, on short notice and with incomplete information, with the present motion for a writ of habeas corpus ad testificandum under 28 U.S.C. § 2241(c)(5).  A writ of habeas corpus ad testificandum "shall not extend to a prisoner unless . . . [i]t is necessary to bring him into court to testify or for trial."  28 U.S.C. § 2241(c)(5).  Here, there is no pending federal matter requiring any further presence by defendant in federal court, and defendant's claim is that it is "necessary" that he be brought to the Tulare County Superior Court for a civil trial.  Defendant should have sought relief from the state court in which his civil action is pending, particularly as that court is in the best position to make this determination in the management of the state civil case.  As the state court is best positioned to determine whether the defendant's presence is necessary for the trial in the state civil case, defendant's application should be denied.  *See Curran v. United States*, 332 F. Supp. 259, 261-62 (D. Del. 1971) (District Court declined to grant writ, as defendant should have sought writ from state court).

Defendant has clearly been aware for years of his pending state civil case, which was filed in 2005, yet offers no explanation for why he has not already sought and obtained an order from the state court concerning the alleged need for his presence at the state trial.  Indeed, defendant's application does not indicate the state court's position with respect to any relevant issue on the present application.[1]  In *Curran*, the court

---

[1]  Nor does defendant's application reflect whether he even served his application on the opposing party in the state court action.

rejected a similar attempt by a state court defendant to have a federal court order a federal prisoner's attendance at a state trial, noting: "Common sense would dictate that the preferred procedure would be for defense counsel to petition, not the federal District Court, but the State Court where the trial is to be held, for the issuance of the writ." *Id.* at 261. Moreover, Bureau of Prisons ("BOP") regulations provide that the BOP will consider, and that wardens are authorized to approve, requests by state or local courts that an inmate be transferred to the physical custody of state or local agents pursuant to state writs of habeas corpus ad testificandum. *See* 28 C.F.R. §§ 527.30, 527.31. Defendant has failed to demonstrate any attempt at compliance with those regulations.

      2.      None of the Relevant Factors Support Issuance of a Writ of Habeas Corpus Ad Testificandum

The Ninth Circuit has identified the following factors to be considered in determining whether to issue a writ of habeas corpus ad testificandum to bring a prisoner into federal court:

> When determining whether it should issue a writ of habeas corpus ad testificandum in such instances, the district court must exercise its discretion based upon consideration of such factors as whether the prisoner's presence will substantially further the resolution of the case, the security risks presented by the prisoner's presence, the expense of the prisoner's transportation and safekeeping, and whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.

*Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983) (citing *Ballard v. Spradley*, 577 F.2d 476, 480 (5th Cir. 1977)), *cert. denied*, 465 U.S. 1070, 104 S. Ct. 1425 (1984).

The United States intends to proffer testimony at the hearing by the United States Marshal's Office, addressing the expense of the prisoner's transportation and safekeeping, and security risks presented by the prisoner's presence. These factors support denying the writ sought by the defendant. The remaining factors also support denial of the writ, as there is no evidence that the Tulare County Superior Court believes the prisoner's presence will substantially further the resolution of the case, no evidence of the state

court's views as to the security risks presented by the prisoner's presence in a civil courtroom, and no evidence whether the suit can be stayed until the prisoner is released. It is inappropriate for the defendant to burden this court with attempting to evaluate these factors based on incomplete information on shortened notice, particularly when the state trial court is well-positioned to address each of these factors in the management of its state civil case.

Defendant cites to a number of federal civil cases, brought mostly under 42 U.S.C. § 1983, holding that district courts have discretion to issue writs of habeas corpus ad testificandum. However, in these cases the question was whether to bring federal or state prisoners to the federal court for testimony in a federal case. *See Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 112-14 (4th Cir. 1988) (§ 1983 case); *Pollard v. White*, 738 F.2d 1124 (11th Cir. 1984) (§ 1983 case); *Spears v. Chandler*, 672 F.2d 834, 835 (11th Cir. 1982) (§ 1983 case); *Ballard v. Spradley*, 557 F.2d 476, 479-81 (5th Cir. 1977) (§ 1983 case); *McElwain v. Harris*, No. 1:05-CV-93-JAW, 2006 WL 1049935 (D.N.H. April 18, 2006) (federal diversity case); *Hawks v. Timms*, 35 F. Supp. 2d 464, 468 (D. Maryland 1999) (§ 1983 case). In these cases, the federal court could properly evaluate whether it was necessary to have a prisoner brought to the court for trial or testimony, because the court was presiding over the underlying case. In contrast, here defendant seeks to burden this Court with evaluating whether defendant's presence is necessary at a state court trial that is unrelated to any matter pending before this Court.

> 3.    Defendant Has No Due Process Right to Personal Attendance at the State Civil Trial

Defendant's argument that a prisoner has a "fundamental due process right" to attend his state court civil case has been rejected by the California courts. "It is well established that due process of law does not confer upon a party to civil proceedings an absolute right to be personally present at the proceedings." *Arnett v. Office of Administrative Hearings*, 49 Cal. App. 4th 332, 338, 56 Cal. Rptr. 2d 774, 778 (3d Dist. 1996). The "claim of an absolute right to be personally present finds no support in either

the state or federal Constitution, either expressly or in the due process guarantees of those charters." *Arnett*, 49 Cal. App. 4th at 339, 56 Cal. Rptr. 2d at 779; *see also Payne v. Superior Court*, 17 Cal. 3d 908, 923-25, 132 Cal. Rptr. 405, 416-17 (Cal. 1976) (indigent prisoner entitled to counsel to defend state civil case on his behalf, but has no absolute right to be present for proceedings); *In re McNally*, 144 Cal. App. 2d 531, 532 (1st Dist. 1956) (prisoner has no right to personal presence at civil case in which he was defendant, but may retain counsel to appear on his behalf).

In *Payne*, the California Supreme Court held that an indigent prisoner's constitutional right of access to the courts would generally be preserved by the appointment of counsel to represent a prisoner who could not personally appear to defend the case because of his incarceration. *Payne*, 17 Cal. 3d at 924, 132 Cal. Rptr. at 416. The court specifically rejected any absolute right to personal appearance at the trial, noting: "Indeed, to grant petitioner an absolute right to both appointed counsel and personal appearance would achieve the anomalous result of according him greater privileges than those possessed by an ordinary indigent civil litigant." *Payne*, 17 Cal. 3d at 923, 132 Cal. Rptr. at 416. In the present case, defendant is represented by counsel in his state court action, and he does not have any absolute right to attend the civil proceedings. "[W]here, as here, an incarcerated party to a civil action is represented by counsel, he does not have an absolute right to attend the proceedings." *Arnett*, 49 Cal. App. 4th at 339, 56 Cal. Rptr. 2d at 779.

///

///

///

///

///

///

Accordingly, defendant's application for a writ of habeas corpus ad testificandum should be denied.

Dated:  October 11, 2007

Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney

By:    /s/ Kirk E. Sherriff
KIRK E. SHERRIFF
Asst. United States Attorney

By:    /s/ Stanley A. Boone
STANLEY A. BOONE
Asst. United States Attorney