ROGER T. NUTTALL-SBN. 42500
NUTALL & COLEMAN
2445 Capitol St. # 150
Fresno, CA 93721
Tel:  559.233.2900
Fax:  559.485.3852

STEPHEN T. CLIFFORD-SBN. 39020
TIMOTHY M. OSBORN-SBN. 239453
CLIFFORD & BROWN
1430 Truxtun Avenue, Suite 900
Bakersfield, CA 93301
(661) 322-6023
(661) 322-3508 Fax

Attorneys for Defendant,
TALAL ALI CHAMMOUT

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DIVISION OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:06 cr 00426 OWW |
| Plaintiff, | |
| vs. | **REPLY TO THE UNITED STATES' OPPOSITION TO DEFENDANT'S APPLICATION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM** |
| TALAL ALI CHAMMOUT, | |
| Defendant. | DATE:  October 12, 2007<br>TIME:  11:45 a.m.<br>DEPT.:  3 |

TO THE CLERK OF COURT, ALL PARTIES HEREIN AND TO THEIR RESPECTIVE

ATTORNEYS OF RECORD:

COMES NOW DEFENDANT TALAL ALI CHAMMOUT and submits the following

memorandum of points and authorities in reply to the United States' Opposition to Mr. Chammout's

Application For A Writ Of Habeas Corpus Ad Testificandum:

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.    THIS COURT IS THE APPROPRIATE FORUM FOR THE DEFENDANT'S WRIT

The United States begins its Opposition with the argument that Mr. Chammout should have obtained a writ of habeas corpus ad testificandum from the California Superior Court and that as a result this Court should deny the writ application at issue. The sole authority for the United States' position is *Curran v. United States,* 332 F.Supp. 259 (D. Del. 1971). However, the court in that case clearly confused an ad testificandum writ with a writ of habeas corpus ad prosequendum. The purpose of an ad testificandum writ, as explained in Mr. Chammout's Application, is "to direct the custodian of a prisoner to produce the prisoner for appearance as a witness in court." *Greene v. K.W. Prunty,* 938 F.Supp. 637, 638 (S.D. Cal. 1996); *See also Ballard v. Spradley,* 557 F.2d 476, 479-480 (5th Cir. 1977). On the other hand, ad prosequendum writs are used to bring a prisoner incarcerated under sentence by one sovereignty to face *criminal* [emphasis added] charges in another sovereignty. *See U.S. v. Evans,* 159 F.3d 908, 911 (4th Cir. 1998); *U.S. v. Kipp,* 232 F.2d 147, 150 (7th Cir. 1956); Black's Law Dictionary (7th ed. 1999); *People v. Stoliker,* 192 Cal.App.2d 263, 266 (1961). It follows that an ad prosequendum writ is only proper when the case in which an appearance or testimony by a prisoner is sought is criminal in nature. In all other situations, an ad testificandum writ is the proper means for compelling the presence or testimony of a prisoner at trial.

In *Curran,* a defendant in a state court *criminal case* [emphasis added] filed a writ of habeas corpus ad testificandum in federal court to compel the presence of a federal prisoner in the state criminal action as a witness. *Curran, supra* at 260, 261. In its decision, the court relied heavily on *Lunsford v. Hudspeth,* 126 F.2d 653 (10th Cir. 1942), a case that involved an ad prosequendum writ, not an ad testificandum writ. Because of significant difference in the purposes of the two writs, as well

2

as the factors considered in issuing or denying them, the *Curran* opinion is of no moment here since it is based on logic derived from *Lunsford,* an ad prosequendum case.

Additionally, the *Curran* opinion is not persuasive because in that case the action in which the prisoner/witness was to testify was criminal in nature. Mr. Chammout's situation is highly distinguishable because the trial at which he seeks to be present is a civil personal injury case. Therefore, a state court-issued ad prosequendum writ, which *Curran* seems to be discussing despite its reference to ad testificandum writs, is not an available option. It is also important to note that, unlike the application at issue, the writ application in *Curran* sought to have the federal district court order the state in which the defendant was being prosecuted to pay the expenses of producing the witnesses. *Curran, supra* at 260, 262   This request was a major reason for the application's denial. *Id.* (The application to the federal court was "not desirable" because the court questioned its power to enter an order directing the sovereign State of Delaware to pay the costs of transportation.) Finally, contrary to the United States' argument, federal district courts *do* have the authority to issue writs of habeas corpus ad testificandum ordering a federal prisoner's production at a state civil trial. *See U.S. v. Mandel,* 857 F.Supp.253, 255 (E.D.N.Y. 1994)(Writ denied on other grounds).[1] [2]

2.    **THE UNITED STATES HAS FAILED TO PROPERLY WEIGH THE *BALLARD* FACTORS**

As stated in Mr. Chammout's Application, the cases of *Muhammad v. Baltimore City Jail,* 849

_____

[1] In footnote 1 of the United States' Opposition, the United States appears to be arguing that Mr. Chammout is required to have served the plaintiff in his civil trial with notice of this Application. However, the United States offers no authority to support this argument and Mr. Chammout is not aware that any such authority exists.

[2] The United States also argues that Mr. Chammout should have applied for an ad testificandum writ in state court because the provisions in 28 C.F.R. §§ 527.30 and 527.31 provide wardens with the authority to "consider" and approve transfer of federal prisoners pursuant to habeas corpus writs issued by state courts. The fact that discretion is vested in federal wardens to consider state court writs does not automatically render Mr. Chammout's writ application in federal court improper. Rather than obtain a state court writ in which a federal warden may merely "consider," Mr. Chammout has elected to take a more efficient route by attempting to obtain a federal court writ, which the federal warden is *required to honor.*

REPLY TO THE UNITED STATES' OPPOSITION TO DEFENDANT'S APPLICATION FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM

F.2d 107 (4th Cir. 1988) and *Ballard v. Spradley,* 557 F.2d 476 (5th Cir. 1977) are often relied upon in determining whether to issue a writ of habeas corpus ad testificandum. Indeed, *Wiggins v. County of Alameda,* 717 F.2d 466 (9th Cir. 1983), which the United States relies on to supply the factors used to decide such an issue, itself relies on the *Ballard* case for the same purpose. *See Wiggins, supra* at n.1. The United States acknowledges this in its citation of *Wiggins.* Importantly, and as Mr. Chammout stated in his Application, the *Ballard* court stated in no uncertain terms that 28 U.S.C. § 567 and 28 C.F.R. §§ 0.111(b); (i), 0.138a, 0.142 (1976) "provide ample authority for the payment of expenses incurred in carrying out [in executing lawful writs, such as the writ sought herein]." The *Ballard* court went on to state that "once the district court has determined that the prisoner's presence is essential, the possibility that a lack of transportation funds or personnel will develop is no justification for refusing to issue the writ." *Id.* at 481.

In its analysis of the factors set forth in *Wiggins* and *Ballard, the* United States strongly emphasizes its position that the expense in transporting and guarding Mr. Chammout during the civil trial is excessive. However, this is essentially irrelevant pursuant to the holding in *Ballard,* which the United States itself relies upon. The United States then argues that the remaining *Ballard* factors also support denial of Mr. Chammout's Application, for such reasons as "there is no evidence that the Tulare County Superior Court believes the prisoner's presence will substantially further the resolution of the case," "no evidence of the state court's views as to the security risks presented by the prisoner's presence in a civil courtroom," and "no evidence whether the suit can be stayed until the prisoner is released." Neither *Ballard* nor *Wiggins* require the party seeking the writ to provide evidence of the "beliefs" or "views" of the court in which the prisoner is to testify. Moreover, this Court is in the best position to determine the level of risk Mr. Chammout presents to the Superior Court's security as Mr. Chammout has been present in this Court on numerous occasions in recent months, without incident.

REPLY TO THE UNITED STATES' OPPOSITION TO DEFENDANT'S APPLICATION FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM

Finally, it is obvious that a stay in the civil suit is unrealistic as Mr. Chammout has just been sentenced to 6 ½ years in federal prison. A stay of that length is not only unrealistic, but it is inconceivable that any court would seriously consider such a request.

## 3. THE UNITED STATES HAS MISCONSTRUED MR. CHAMMOUT'S DUE PROCESS ARGUMENT

Contrary to the claim of the United States, Mr. Chammout is not arguing that he has an absolute right to be personally present at his civil trial. Instead, Mr. Chammout is arguing that his ability to fully defend himself at trial will be significantly diminished if he is not allowed to be present. As stated in *Spears v. Chandler,* 672 F.2d 834, 835 (11th Cir. 1982) and *Payne v. Superior Court,* 17 Cal.App.3d 908, 915 (1976), both of which were cited in Mr. Chammout's Application, if the ability of a prisoner to defend himself in a civil action depends on his presence at trial, it is a violation of his due process rights to preclude him from attending. For the reasons stated in Mr. Chammout's Application and the Declaration of Timothy M. Osborn in support thereof, Mr. Chammout will not be able to fully defend himself unless he is present at trial. In addition, the United States' argument that Mr. Chammout does not have a right to attend his civil trial because he is represented by counsel is meritless. Mr. Chammout's Application cites authority specifically holding that to arbitrarily exclude a prisoner from trial merely because he has obtained representation is to violate due process. *See McElwain v. Harris,* 2006 U.S. Dist. LEXIS 21856.

## 4. CONCLUSION

Based on the foregoing, Defendant Talal Ali Chammout respectfully requests that the Court issue the Writ sought herein.

///

///

///

///

REPLY TO THE UNITED STATES' OPPOSITION TO DEFENDANT'S APPLICATION FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM

DATED:   October 12, 2007          CLIFFORD & BROWN


By____/s/ Timothy M. Osborn_____
STEPHEN T. CLIFFORD
TIMOTHY M. OSBORN
Attorneys for Defendant,
TALAL CHAMMOUT

REPLY TO THE UNITED STATES' OPPOSITION TO DEFENDANT'S APPLICATION FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM