McGREGOR W. SCOTT
United States Attorney
STANLEY A. BOONE
Assistant U.S. Attorney
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 498-7272

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 01:06-CR-00426 OWW |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S RESPONSE TO |
| | ) | DEFENDANT'S MOTION FOR |
| v. | ) | PRODUCTION OF EXCULPATORY |
| | ) | EVIDENCE AND FOR ALL OTHER |
| | ) | RELIEF THE COURT DEEMS |
| TALAL ALI CHAMMOUT, | ) | APPROPRIATE |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendant Talal Ali Chammout has filed a motion with this court requesting the production of exculpatory evidence and for all other relief the court deems appropriate. This motion is without merit, for this court is without subject matter jurisdiction to decide this motion, and therefore, the defendant's motion must be denied.

**STATEMENT OF CASE**

On December 8, 2006, the defendant, Talal Ali Chammout, was charged by criminal complaint with a violation of federal law. C.R. 1.  On that same date, the defendant made his initial appearance before the magistrate judge.  C.R. 2.  On December 12,

1

2006, the defendant was ordered detained.  C.R. 5.  On December 21, 2006, the defendant was charged in a two count indictment with felon in possession of firearms and conspiracy to possess stolen government property.  18 U.S.C. §§ 922(g)(1) and 371; C.R. 8.  On June 7, 2007, the defendant pled guilty to being a felon in possession of firearms.  C.R. 31.  As part of the plea agreement, the defendant agreed to the following:

> (d)  Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, conviction and sentence.  This waiver of appeal includes, but is not limited to, an express waiver of defendant's right to appeal his plea, conviction and sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, and defendant further agrees not to contest his plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255.

C.R.30, ¶ 3(d).

On October 10, 2007, the defendant was sentenced to seventy-eight (78) months of imprisonment, three (3) years of supervised release and a $100 special assessment.  Judgment was entered on October 17, 2007.  C.R. 63.  The case was subsequently closed. No appeal was taken on the judgment.

On March 28, 2008, the defendant filed the present motion. C.R.  65.

**ARGUMENT**

**1.    The District Court Is Without Subject Matter Jurisdiction to Adjudicate this Motion**

When the criminal complaint charging the defendant with federal offenses was filed on December 8, 2008 pursuant to Fed.R.Crim.P. 3, subject matter jurisdiction was conferred upon

the district court pursuant to Title 18, United States Code, Section 3231 ("the district courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States."). This subject matter jurisdiction continued until the defendant's criminal judgment was entered on October 17, 2007.  The district court's  jurisdiction was also not extended or re-conferred by the traditional means for which such jurisdiction is extended or re-conferred.  Cf. Fed.R.Crim.P. 35 (re-confers jurisdiction on district court in order to reduce a sentence for substantial assistance) and Fed.R.Crim.P. 35(a)(correcting an error in judgment based on arithmetical, technical, or other clear error). Hence, when the defendant's present motion was filed on March 28, 2008, over five months after entry of judgement for which no appeal was taken, this court was without jurisdiction.  There is no separate granting of subject matter jurisdiction to a district court when the defendant asks for discovery/Brady information after judgment has been entered.  It must be noted that federal courts are courts of limited jurisdiction and it is presumed that a cause lies outside the jurisdiction of federal courts unless proven otherwise.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  Federal court jurisdiction is not to be expanded and "not to be expanded by judicial decree."  Id. The party asserting jurisdiction bears the burden of establishing that federal jurisdiction exists. Id.  The defendant has provided no independent authority by which this court has subject matter

3

jurisdiction to decide this motion.  Therefore, on this basis alone, the defendant's motion must be denied for want of jurisdiction of this court.

**2.   To the Extent That this Court Construes Defendant's Motion as a Request under Title 28, United States Code, Sections 2241 and 2255, the Motion Must Also Fail**

To the extent that the court construes the defendant's motion as a request to grant a writ under Title 18, United States Code, Section 2241, or to attack a sentence under Title 28, United States Code, Section 2255, to which subject matter jurisdiction is conferred under Title 18, United States Code, Section 1331, then the motion must fail for two alternative reasons.

First, the defendant explicitly waived any right in his plea agreement to attack his sentence in any post-conviction proceeding.  Second and more importantly, the defendant's requested relief has nothing to do with the defendant's sentence or his custody status, and therefore, the relief under Sections 2241 and 2255 is simply inappropriate.  See 18 U.S.C. §§ 2241(c) and 2255.  For these alternative reasons, the defendant's motion must again be denied.

Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney

DATED: 4/17/08          By   /s/ Stanley A. Boone
                             STANLEY A. BOONE
                             Assistant U.S. Attorney

4