**LAW OFFICE OF WAZHMA MOJADDIDI**
**WAZHMA MOJADDIDI (SBN 226804)**
7112 Agora Way
El Dorado Hills , CA 95762
Telephone: (916) 939-7357
Facsimile: (916) 939-2721

Attorney for Defendant
TALAL ALI CHAMMOUT

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.: 1:06-CR-00426-001-OWW |
| Plaintiff, | ) DEFENDANT'S NOTICE OF MOTION |
| | ) AND MOTION (1) TO VACATE |
| | ) CONVICTIONS AND SENTENCE UNDER |
| | ) 28 U.S.C.§ 2255 AND (2) FOR |
| vs. | ) EVIDENTIARY HEARING |
| | ) |
| TALAL ALI CHAMMOUT | ) DATE: TBA |
| | ) TIME: TBA |
| Defendant. | DEPT: HONORABLE JUDGE OLIVER |
| | WANGER |

**TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA; MCGREGOR SCOTT, UNITED STATES ATTORNEY; STANLEY A. BOONE, ASSISTANT UNITED STATES ATTORNEY:**

PLEASE TAKE NOTICE that Defendant TALAL ALI CHAMMOUT hereby moves

(1) to vacate his convictions and related sentence under 28 U.S.C.§ 2255 and (2) for an

evidentiary hearing to develop the factual and legal bases for such request.

**MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255**

Comes Now, Defendant,  TALAL ALI CHAMMOUT, presently incarcerated in the United States Penitentiary located in Lompoc, CA, Federal Register Number 63245-097, by and through his attorney, Wazhma Mojaddidi, and respectfully moves this Honorable Court (1) to vacate his convictions and related sentence under 28 U.S.C.§ 2255 and (2) for an evidentiary hearing to develop the factual and legal bases for such request.

This Motion is based upon: the allegations contained herein; all exhibits that are being filed concurrently with this motion; a Supplemental Memorandum  of Points and Authorities to be submitted at a later time; all documents and pleadings on file in this action; and other such materials or arguments as the Court may properly consider prior to deciding this Motion.

**JURISDICTION**

1. Mr. Chammout is "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." As such, original relief for Defendant is properly within this Court and as such jurisdiction is proper pursuant to 28 U.S.C. §2255.

**VENUE**

2. As the sentencing court, the Eastern District of California is the appropriate venue pursuant to 28 U.S.C. §2255.

**MOVANT**

3.Defendant,  TALAL ALI CHAMMOUT, Federal Register Number 63245-097, is currently incarcerated at the U.S. Penitentiary located in Lompos, CA, under a Judgment in a Criminal Case ("J&C") filed October 17, 2007, from the United States District Court for the Eastern District of California (Hon. Oliver Wanger, U.S.D.J., presiding); based on Mr. Chammout's

guilty plea on June 7, 2007; this Court ordered Mr. Chammout to serve a term of imprisonment of 78 months for one count of felon in possession of firearms in violation of 18 USC 922(g)(1).

### ABSENCE OF OTHER FEDERAL FILINGS

4. Mr. Chammout has filed no direct appeal, collateral attack, or any other judicial process with respect to the Judgment here challenged, and no such matter is currently pending in any forum.

### FACTUAL BACKGROUND

5. On June 7, 2007, Mr. Chammout pled guilty in the United States District Court for the Eastern District of California (Hon. Oliver Wanger U.S.D.J.,presiding) for one count of felon in possession of firearms in violation of 18 USC 922(g)(1).

6. Mr. Chammout was represented by Roger T. Nuttall at the plea change hearing held on June 7, 2007 and at the sentencing hearing held on October 10, 2007.

7. On or about June 27, 1995, Mr. Chammout was convicted in Tulare County, California of assault with force likely to produce great bodily injury, in violation of California Penal Code Section 245(a)(1). He was sentenced to 365 days in county jail. (See Exhibit C, Attached). On August 23, 1996, the sentence was modified to 266 days by court order. (See Exhibit D, Attached).

8. Mr. Chammout's counsel, Mr. Roger T. Nuttall, wrongly informed him that this prior June 27, 1995 conviction of California Penal Code Section 245(a)(1) was a felony conviction that qualified him as a felon for purposes of 18 USC 922(g)(1). (See Exhibit A and B, attached).

9. Mr. Nuttall never informed Mr. Chammout that the firearms listed in count one of his indictment must have been shipped and transported in interstate commerce. (See Exhibit A and B, attached).

10. At the change of plea hearing on June 7, 2007, Mr. Nuttall told Mr. Chammout that he should just agree with all of the questions asked to him by the judge. (See Exhibit A and B, attached).

11.  As Mr. Chammout's counsel, Mr. Nuttall failed to argue, at any point throughout the defense of the case, that Mr. Chammout's prior conviction under California Penal Code Section 245(a)(1) does not qualify as a felony under 18 USC 922(g)(1).

12.  As Mr. Chammout's counsel, Mr. Nuttall failed to argue, at any point throughout the defense of the case, that Mr. Chammout could not afford to immediately pay the sum payment of $10,100 as a fine, considering his financial resources and earnings ability.

### ALLEGATIONS

13.  Defendant adopts and incorporates by reference Paragraphs 1 to 12 as set forth, *supra*.

14.  The errors and omissions of Mr. Chammout's trial counsel deprived him of effective assistance of counsel within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984) and related precedent.

15.  Specifically, Mr. Nuttall provided ineffective assistance when he wrongfully advised Mr. Chammout to plead guilty to one count of felon in possession of firearms  in violation of 18 USC 922(g)(1).  Mr. Chammout's prior conviction under California Penal Code Section 245(a)(1) does not qualify as a felony in his case because after he was sentenced to 365 days in county jail, the conviction became a misdemeanor for all purposes under California Penal Code 17(b)(1). United States v. Bridgeforth, 441 F.3d 864, 870 (9th Cir. 2006).  Therefore, Mr. Chammout was wrongfully charged in count one of the indictment of felon in possession of firearms  in violation of 18 USC 922(g)(1).  Mr. Chammout would have never plead guilty to this charge had his counsel advised him accordingly.  Instead of properly informing him of what he was pleading guilty to, Mr. Nuttall told Mr. Chammout to simply agree to all of the questions asked of him by the judge.

16.  Mr. Nuttall provided further ineffective assistance when he failed to argue in any pleadings or during oral argument that Mr. Chammout could not afford a fine of $10,100 to be paid immediately due to his financial situation.  He also did not argue that there was insufficient evidence that Mr. Chammout could afford to pay such a fine.  The record must reflect some evidence that the defendant can pay the fine that is ordered.  United States v. Ramilo, 986 F.3d 333, 336 (9th Cir. 1993).   Since the record did not reflect that he could afford such a fine, Mr. Nuttall should have argued that it was improper for the court to order the fine of $10,100 to be paid immediately.

17.  Mr. Nuttall's ineffective assistance of counsel prejudiced Mr. Chammout because he would not have plead guilty to count one of the indictment and then later sentenced to 78 months in federal prison.

15.  Where, as here, the factual bases for such claims do not appear as a matter of record, they should be raised and explored in a collateral proceeding pursuant to section 2255. *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003); *United States v. Stocksill*, 26 F.3d 492, 497 (4th Cir. 1994).

**RELIEF REQUESTED**

**WHEREFORE**, Mr. Chammout prays this Honorable Court:

1. Grant Mr. Chammout's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.§2255.

4. Schedule an evidentiary hearing to develop the factual and legal bases for such a request.

Dated:  October 10, 2008                              Respectfully submitted,

                                                                        /s/ Wazhma Mojaddidi
                                                                        WAZHMA MOJADDIDI
                                                                        Attorney for Defendant TALAL ALI
                                                                        CHAMMOUT

DEFENDANT'S MOTION UNDER SECTION 2255
