**LAW OFFICE OF WAZHMA MOJADDIDI**
**WAZHMA MOJADDIDI (SBN 226804)**
7112 Agora Way
El Dorado Hills , CA 95762
Telephone: (916) 939-7357
Facsimile:  (916) 939-2721


Attorney for Defendant
TALAL ALI CHAMMOUT


# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No.: 1:06-CR-00426-001-OWW |
| Plaintiff, | ) DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION (1) TO VACATE CONVICTIONS  AND SENTENCE UNDER 28 U.S.C.§ 2255 AND (2) FOR EVIDENTIARY HEARING |
| vs. | ) |
| TALAL ALI CHAMMOUT | ) |
| Defendant. | ) DATE:  TBA<br>TIME:  TBA<br>DEPT:  HONORABLE JUDGE OLIVER WANGER |

## INTRODUCTION

Defendant, Talal Ali Chammout, invoked his Sixth Amendment right to counsel when he hired Mr. Roger T. Nuttall to represent him in federal court to defend criminal charges filed against him.  Unfortunately for Chammout, Nuttall's legal representation proved ineffective.  On the advice of counsel, Chammout would ultimately waive his right to trial and plead guilty to one count of felon in possession of firearms in violation of 18 USC 922(g)(1). The only predicate felony that was alleged to qualify him as a felon under this section was a 1995 conviction under California Penal Code 245(a)(1).  Nuttall should have known that the 1995 conviction is treated

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION UNDER SECTION 2255                    1

as a misdemeanor and not a felony under the law.  Chammout would not have plead guilty to this offense had he known that he was wrongfully charged under this statute.  Nutall also failed to argue that Chammout could not afford to immediately pay a fine of $10,100 due to his financial situation.   Chammout was prejudiced by Nuttall's ineffective assistance because he now sits in prison serving a sentence of 78 months in prison for a crime he would not have plead guilty to with proper legal guidance and owing a large fine that he can not afford.  His motion to vacate the conviction and sentence under 28 U.S.C.§ 2255 should therefore be granted.

**I.    CHAMMOUT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS LAWYER WRONGFULLY ADVISED HIM TO PLEAD GUILTY TO THE FELON IN POSSESSION CHARGE WHEN HIS PRIOR STATE CONVICTION DID NOT QUALIFY AS A PREDICATE OFFENSE UNDER THE STATUTE.**

A.  **The Law**

To establish ineffective assistance of counsel, a defendant must show, in light of all the circumstances, that: 1) counsel's performance fell below an objective standard of reasonableness; and 2) that the defective performance prejudiced defendant. Strickland v. Washington, 466 U.S. 668, 687-690 (1984).

When applying the first prong of this test, "a court must indulge in a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances the challenged action might be considered sound trial strategy." United States v. Bosch, 914 F.2d 1239, 1244 (9th Cir. 1991).

To establish prejudice satisfying the second prong of the *Strickland* test, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. 668 at 694.

The present record does not unequivocally establish either prong of *Strickland*. Nuttall's representation fell below the objective standard of reasonableness when he didn't properly advise Chammout when he plead guilty to one count of felon in possession of firearms in violation of 18 USC 922(g)(1). If Chammout had been advised that his prior state conviction did not qualify as a predicate offense under Section 922(g)(1), he would not have plead guilty to the charge.

**B. Chammout's prior state conviction did not qualify as a predicate offense under 18 USC Section 922(g)(1).**

On June 7, 2007, Chammout pled guilty to one count of felon in possession of firearms in violation of 18 USC 922(g)(1). Chammout's indictment specifically charged, that, "on or about December 7, 2006 in the County of Tulare, and the Eastern District of California, after having been previously convicted on or about June 27, 1995, of assault with force likely to produce great bodily injury, in violation of California Penal Code Section 245(a)(1), in the Superior Court of California, County of Tulare, a crime punishable by a term of imprisonment exceeding one year, did knowingly possess firearms, including, but not limited to, three (3) AK-47 assault type rifles, one (1) Tec 9 pistol, and five (5) Beretta pistols, in and affecting commerce, in that all said firearms had been shipped and transported in interstate commerce, all in violation of Title 18, United States Code, Section 922(g)(1)."

Section 922(g)(1) states that it is unlawful for any person:" who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition ... which has been shipped or transported in interstate or foreign commerce."

A predicate crime under Section 922(g)(1) is any crime that is *punishable* by imprisonment for more than a year.  Chammout was convicted in 1997 of assault with a deadly weapon under California Penal Code Section 245(a), which states:

> Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm…shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment."

Chammout's prior conviction under 245(a) did not qualify as a predicate offense under 922(g) because it was treated as a misdemeanor "for all purposes" with a maximum penalty of one year.  Under California law, Penal Code Section 245(a) is considered a wobbler statute.  A "wobbler" is an offense that can be punished as either a misdemeanor or a felony under applicable law. Ferreira v. Ashcroft, 382 F.3d 1045, 1051 (9th Cir.2004).

In *United States v. Bridgeforth,* the Court examined whether Section 245(a) is an offense that is punishable by more than one year.   United States v. Bridgeforth, 441 F.3d 864 (9th Cir. 2006).  It held that in order "to determine whether a conviction for a wobbler is an offense punishable by a term of imprisonment exceeding one year under the career offender provisions of the Guidelines, the sentencing court must look to state law: Did the California court's treatment of the offense convert it into a "misdemeanor for all purposes" under California Penal Code section 17(b)? If so, then the conviction does not qualify as an offense "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 4B1.2(a)." Id.

California Penal Code section 17(b) states,  "when a crime is punishable, in the discretion of the court, by imprisonment in state prison or by fine and imprisonment in the county jail, it is a misdemeanor for all purposes when a judgment imposing a punishment other than imprisonment in the state prison is rendered. Cal.Penal Code § 17(b).  The *Bridgeforth* court held, ultimately, that when the defendant was sentenced to 365 days in county jail, section 17(b) converted the offense to a misdemeanor "for all purposes."

The Ninth Circuit has also considered the issue of treating wobblers as felonies for purposes of other federal statutes.  In *Ferreira v. Ashcrosft*, the court held that a wobbler was not an aggravated felony under 8 U.S.C. § 1101(a)(43)(B) when the state court had sentenced the defendant to imprisonment in the county jail, and thus the conviction was a misdemeanor under section 17(b)(1) of the California Penal Code.  Ferreira v. Ashcroft, 382 F.3d 1045, 1051 (9th Cir.2004).

The court in this case can reach a similar conclusion to *Bridgeforth* and *Ferreira.* Chammout, like Bridgeforth and Ferriera,  was sentenced to county jail for the 1995 conviction of Section 245(a)(1).  The sentence imposed on Chammout was "other than imprisonment in state prison" converting the charge into a misdemeanor for all purposes under California law. Therefore, Chammout's state conviction does not qualify as an offense punishable by a term exceeding one year to qualify as a predicate offense under 922(g)(1).

In *United States v. Qualls*, the Ninth Circuit considered the specific question of whether a conviction under California Penal Code Section 245(a) was a felony for purposes of a felon-in-possession violation under 18 U.S.C. § 922(g)(1) United States v. Qualls, 172 F.3d 1136, 1137-38 (9th Cir.1999).  In *Qualls*, the court held that the conviction was a felony for purposes of Section 922(g)(1) because it did not qualify as a misdemeanor under Section 17(b)(1). The facts in *Qualls,* however, differ from the facts in the instant case.  Qualls pled guilty to a Section 245(a) charge and the court granted him felony probation and five years later the court ordered early termination of probation and payment of  $500 for probation costs.  No judgment was actually rendered. The court held that the initial probation and the payment of $500 ordered by the court did not qualify as a "judgment imposing punishment other than imprisonment in the state prison" under California Penal Code § 17(b)(1), and therefore should be treated as a predicate felony for purposes of 922(g)(1).

In the instant case, Chammout was actually sentenced to 365 days in county jail and judgment other than imprisonment in state prison was rendered in his case. His conviction was treated as a misdemeanor with a maximum penalty of one year under California law. Therefore, the court here can distinguish *Qualls* from the facts in this case and conclude that Chammout's prior state conviction does not qualify as a predicate offense under Section 922(g)(1).

### C. Nuttall's representation was ineffective because his ignorance of the law was unreasonable and caused prejudice to Chammout.

To establish prejudice, a defendant who pleaded guilty must demonstrate "that his attorney's representation fell below an objective standard of reasonableness and that, but for the errors, he would not have pleaded guilty and would have insisted on going to trial." United States v. Freeny, 841 F.2d 1000, 1002 (9th Cir.1988).

When Chammout was first indicted under Section 922(g)(1), Nuttall should have known that the alleged predicate offense did not qualify as a charge that is "punishable by a term of imprisonment exceeding one year." Nuttall should have advised Chammout, at some point throughout the case, that he was wrongfully charged under Section 922(g)(1). Either Nuttall was ignorant of the state of the law on the issue or he simply failed to inform Chammout about such critical information regarding his case. Instead of properly informing him of what he was pleading guilty to, Mr. Nuttall told Mr. Chammout to simply agree to all of the questions asked of him by the judge during his change of plea hearing. His failure to inform his own client of the law cannot possibly be justified as strategy in plea negotiations. Therefore, Nuttall's representation fell far below an objective standard of reasonableness under the first prong of the *Strickland* analysis.

Chammout was actually prejudiced by Nuttall's incompetence and ignorance of the law because he was ultimately sentenced to 78 months in prison as a result of his plea to a crime he was wrongly charged with. There is a reasonable probability that Chammout would not have plead guilty to one count of felon in possession of firearms in violation of 18 USC 922(g)(1) had

he known that his prior state conviction did not qualify as a predicate felony under the statute. Chammout would have insisted to proceed to trial or the plea negotiation process could have resulted in a different outcome.  Either way, Chammout would not have ultimately been sentenced to serving 78 months in prison.  The sentencing calculations were based on his guilty plea to a crime he was wrongly charged with.  Clearly, there is a reasonable probability that the outcome of the case would have been different had Nuttall properly advised Chammout about the relevant law. Such a reasonable probability is therefore sufficient to undermine confidence in the outcome of the case, satisfying the second prong of the *Strickland* analysis.

**II.    CHAMMOUT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS LAWYER FAILED TO ARGUE THAT HE COULD NOT AFFORD TO IMMEDIATELY PAY A FINE OF $10,100 DUE TO HIS FINANCIAL SITUATION.**

Nuttall provided further ineffective assistance when he failed to argue in any pleadings or during oral argument that Chammout could not afford a fine of $10,100 to be paid immediately due to his financial situation.  He also did not argue that there was insufficient evidence that Chammout could afford to pay such a fine.  The record must reflect some evidence that the defendant can pay the fine that is ordered.  United States v. Ramilo, 986 F.3d 333, 336 (9th Cir. 1993).   Since the record did not reflect that he could afford such a fine, Nuttall should have argued that it was improper for the court to order the fine of $10,100 to be paid immediately. Nuttall's failure to make this claim cannot be justified as strategy; it was pure incompetence and fell below an objective standard of reasonableness.

Chammout was prejudiced by Nuttall's failure to raise the issue regarding the fine because Chammout was actually ordered to pay a fine that he could not afford.  Had Nuttall argued that Chammout could not afford to pay the fine and that there was insufficient evidence to

suggest that he could, Chammout may have been ordered to pay no fine or an amount substantially less than $10,100.

### III.    CONCLUSION

For all the reasons set forth in this memorandum, the court should grant Chammout's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.§2255, or, in the alternative, schedule an evidentiary hearing to develop the factual and legal bases for such a request.


Dated:  November 10, 2008                                    Respectfully submitted,

                                                             /s/ Wazhma Mojaddidi
                                                             WAZHMA MOJADDIDI
                                                             Attorney for Defendant
                                                             TALAL ALI CHAMMOUT

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION UNDER SECTION 2255    8