LAWRENCE G. BROWN
Acting United States Attorney
STANLEY A. BOONE
Assistant U.S. Attorney
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV.F. 08-1536 OWW |
| | ) | CR.F. 06-0426 OWW |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S RESPONSE TO |
| v. | ) | DEFENDANT'S MOTION TO |
| | ) | TALAL ALI CHAMMOUT, SET ASIDE |
| TALAL ALI CHAMMOUT, | ) | CONVICTION PURSUANT TO 28 |
| | ) | U.S.C. § 2255 |
| Defendant. | ) | |
| | ) | |
| | ) | |

**I.**

**INTRODUCTION**

The United States of America, by and through its undersigned attorneys of record, Lawrence G. Brown, Acting United States Attorney for the Eastern District of California, and Stanley A. Boone, Assistant United States Attorney, hereby responds to defendant's motion to vacate his conviction and sentence brought pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the defendant's motion should be denied and dismissed.

**JURISDICTION**

On October 10, 2008, defendant Talal Ali Chammout filed a petition which this court construed as a motion brought pursuant

1

to 28 U.S.C. § 2255 to vacate, set aside or correct his 2008 conviction for possession of a firearm by a convicted felon. <u>See</u> 18 U.S.C. § 922(g)(1). This court has subject matter jurisdiction pursuant to 28 U.S.C. § 2255.

### STATEMENT OF CASE

On June 7, 2007, the defendant pled guilty to being a felon in possession of a firearm. C.R. 31, 30. On October 10, 2007, defendant was sentenced on the conviction to seventy-eight (78) months. C.R. 58, 63. On October 10, 2008, defendant filed a motion under Title 28, United States Code, Section 2255 seeking to vacate this sentence imposed, contending that his counsel provided ineffective assistance of counsel and therefore his conviction must be set aside.

### STATEMENT OF FACTS

According to the plea agreement signed by the defendant and read to the defendant in open court by the prosecution, the defendant agreed to the following facts:[1]

Beginning at a time unknown but no later than June 1, 2004 and continuing to December 7, 2006, the defendant knowingly possessed firearms which firearms had been shipped and transported in interstate and foreign commerce.

Specifically, on or about December 7, 2006, the defendant was in possession of five (5) Beretta pistols which firearms had been shipped and transported in interstate and foreign commerce. The defendant possessed these firearms because on December 7, 2006, the defendant had purchased these firearms from a cooperating witness for $1,000. At the time of the purchase, the defendant believed that the firearms were stolen United States government property.

Also on December 7, 2006, the defendant knowingly possessed

---

[1]    <u>See</u> Transcript pgs. 9-11 (CR 74 filed December 11, 2008).

2

approximately forty (40) other firearms including three AK 47's, one TEC 9, and one Mini 14, which described firearms were semiautomatic firearms capable of accepting a large capacity magazines in that the firearm had attached to it a magazine or similar device that could accept 15 or more rounds of ammunition.  These described firearms had also been shipped in interstate and foreign commerce.

On or about December 10, 2004, the defendant purchased two sets of night vision goggles, one small arms protective insert, two chemical suits, two ballistic vests, one set of lower torso fragmentation armor and four pairs of hot weather combat boots, believing that such property was stolen United States government property.

On or about June 27, 1995, the defendant was convicted of a felony for Assault with Force Likely to Cause Great Bodily Injury, in violation of California Penal Code Section 245(a)(1), in Tulare County Superior Court, California such a violation being a crime of violence, punishable by a term of imprisonment exceeding one year.

See Memorandum of Plea Agreement, filed June 7, 2007, ¶ 5. C.R. 30.

**ARGUMENT**

The defendant claims in his 2255 petition that his counsel was ineffective in his representation of the defendant.  In the initial petition filed on October 10, 2008, the defendant claimed ineffective assistance of counsel based on three conceivable claims: (1) that counsel failed to advise the defendant that the predicate conviction for the felon in possession conviction was not a felony, but a misdemeanor, under California state law, (2) that his attorney failed to advise him that the firearm must be shipped/ transported in interstate commerce, and that (3) counsel failed to argue that the defendant could not afford to pay a fine.  See Motion filed October 10, 20078, pgs. 3-4.

Because the defendant waived his right to collaterally attack his plea, conviction and sentence, any other claim, other

3

than ineffective assistance of counsel is knowingly and intelligently waived under the plea agreement and is therefore a valid waiver.  See Plea Agreement filed June 7, 2007 at ¶ 3(d) and Attached Exhibit 1 (Transcript of Change of Plea Hearing) at pgs. 6-7; Fed.R.Crim.P. 11(b)(1)(N).  Therefore, in order to not breach the plea agreement, the defendant must assert that this counsel provided ineffective assistance.  Any other claim, not related to ineffective assistance of counsel, would be considered a breach by the government.  Plea Agreement, ¶ 3(d).

The accepted procedure for raising ineffective assistance of counsel claims is by collateral attack in habeas corpus proceedings brought under 28 U.S.C. § 2255.  United States v. Vgeri, 51 F.3d 876 (9th Cir. 1995).  Challenge by collateral attack, as the defendant has done here, is preferable because "it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted."  United States v. Pope, 841 F.2d 954, counsel's 958 (9th Cir. 1988).

**1.    Standard For Evaluating Claims of Ineffective Assistance of Counsel.**

A two-pronged test for determining if counsel rendered ineffective assistance was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  Under this test, a defendant must establish 1) that his counsel's performance fell below an objective standard of reasonableness, and 2) that the deficient performance prejudiced his defense.  Id. at 687; United States v. Taylor, 802 F.2d 1108 (9th Cir. 1986).  Under both prongs, the defendant's claim fails as the defendant can make

4

neither showing in this case.

**A.    Counsel's Performance:**

With respect to a showing of incompetence, "the defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment." United States v. Schaflander, 743 F.2d 714, 717-718 (9th Cir. 1984).  A showing must be made that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Strickland v. Washington, 466 U.S. at 685.  The court must determine whether, in light of all circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  Id. at 718.

**B.    Prejudice Prong:**

With respect to prejudice, it is not enough for a defendant to show that errors or omissions had some conceivable effect on the outcome of the proceeding.  United States v. Birtle, 792 F.2d 846, 849 (9th Cir. 1988).  "He must show there is some reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland v. Washington, 466 U.S. at 694.

Even if we were to assume that defense counsel's performance was deficient to the point that it fell below an objective standard of reasonableness, the defendant is still not entitled to the requested relief.  This is so because there is no evidence whatsoever that defense counsel's performance, even if ineffective, prejudiced the defendant.

In order to satisfy the second half of the <u>Strickland</u> test (the prejudice prong), the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. <u>Hill</u>,474 U.S. at 59. In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. <u>Id</u>. In other words, whether a defendant was prejudiced will turn on whether the alleged misconduct of counsel could have changed the outcome of a trial or proceeding. <u>Id</u>.

In this case, the defendant's trial counsel's acts did not fall below those professional standards as no error occurred.

**1.    Prior Conviction upon which felon in possession was Predicated was a Felony under California Law:**

In his revised memorandum in support of vacatur of his conviction,[2] the defendant claimed that his counsel was ineffective in that he failed to show that the prior conviction upon which the felon in possession was predicated was not a felony but a misdemeanor. The defendant asserts that because he was sentenced to 365 days in a county jail that his conviction was hence a misdemeanor as a matter of law because a "judgement other that imprisonment was rendered in the case." Memorandum filed November 27, 2008, pg. 6. This position is simply an incorrect statement of California law.

Under California law, where the offense is alternatively a

---

[2]   <u>See</u> memorandum filed November 27, 2008.

felony or misdemeanor, it is regarded as a felony for every purpose until judgment.  See People v. Banks, 53 Cal.2d 370, 387 (1959).  Here, the predicate felony upon which the government contended he was a felon for purposes of being a felon in possession was California Penal Code Section 245(a)(1), Assault with Force Likely to Cause Great Bodily Injury.  This conviction carries a penalty of "imprisonment in the state prison for two, three or four years, or in a county jail for not exceeding one year."  Cal.Pen.Code § 245(a)(1).  The offense is considered a "wobbler" under California law.

In California, classification of whether "wobbler" type crimes are felonies or misdemeanors is governed by California Penal Code Section 17.  Section 17 reads in pertinent part:[3]

> (a)   A felony is a crime which is punishable with death or by imprisonment in state prison.  Every other crime or public offense is a misdemeanor except those offenses that are classified as infraction.
>
> (b)   When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:
>
> (1)   After a judgment imposing punishment other than imprisonment in state prison.
>
> * * *
>
> (3)   When a court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor . . . .

---

[3]   While defendant cited no direct California legal citation as his basis that the conviction is a misdemeanor, other than section 17 itself, the government considers these two provision of 17(b) to be the most applicable sections to defendant's case.

A order granting probation is not a judgment.  See People v. Smith, 195 Cal.App.2d 735,737 (1961).  Also under California law, "when a sentencing court grants probation after a conviction, it may suspend the imposition of sentence, in which case no judgment of conviction is rendered, or it may impose sentence and order its execution to be stayed."  United States v. Robinson, 967 F.2d 287, 293 (9th Cir. 1992).  In the latter case only, "a judgement of conviction is entered."  Id. (citing People v. Arguello, 59 Cal.2d 475, 476 (1963).

Here, the defendant was sentenced to felony probation and as condition of probation, the defendant was ordered to serve 365 days in county jail.  See Exhibit 2.  In imposing the sentence, the court suspended the defendant's sentence.  Id.  The defendant contends that the imposition of the county jail time resulted in the offense being deemed a misdemeanor.  See Defendant's Memorandum filed November 27, 2008, pg. 6.  This is simply an error of the law.  Under Section 17(b), the imposition of the probation did not result in a judgment because the defendant was sentenced to probation with the imposition of his sentenced "suspended" for five years on terms and condition including serving 365 days in county jail.  See Attached Exhibit 1, 2 and 3.  Therefore, since no judgment was entered, Section 17(b)(1) is not applicable.  See United States v. Robinson, 967 F.2d 287, 293 (9th Cir. 1992)("when a sentencing court grants probation after a conviction, it may suspend the imposition of sentence, in which case no judgment of conviction is rendered, or it may impose sentence and order its execution to be stayed."); United States

v. Bridgeforth, 441 F3d 864 871 (9th Cir. 2006)("[w]e noted that neither a grant of probation, nor a suspension of the imposition of sentence, is a judgment imposing a punishment of imprisonment for a term not exceeding one year.").[4]

As to subsection 17(b)(3), while the state court granted probation, it did not impose misdemeanor probation. See Exhibits 1, 2 and 3. To the contrary, the court noted that the offense was "felony" probation. See Attached Exhibit 3. There was no subsequent designation by the court or the a probation officer that this offense be deemed a misdemeanor. As a result, section 17(b)(3) is equally inapplicable. Therefore, it is clear that this offense was rightly deemed a felony, and therefore, no error occurred on the part of counsel. Since the first prong of Strickland has not been met, this claim must be denied.

**2. The defendant was properly advised of the fact that the firearms need to be shipped in interstate and foreign commerce.**

Next, the defendant contends that his attorney provided ineffective assistance of counsel by failing to inform him that

---

[4] In support of defendant's motion, the defendant cites the Ninth Circuit cases of United States v. Bridgeforth, 441 F.3d 864 (2006) and Ferreira v. Ashcroft, 382 F.3d 1045 (2004). Defendant's Memorandum filed November 27, 2008 at pg. 5. In both cases, judgments were entered. In Bridgeforth the defendant was initially granted probation but that probation was terminated and a sentence imposed of 365 days county jail was imposed. Bridgeforth, 441 F.3d at 871. The court held that imposition of a sentence, after termination of probation, results in a misdemeanor. Bridgeforth, 441 F.3d at 871-72. In Ferreira, a judgement was also entered imposing county jail only. Ferreira, 382 F.3d at 1051 n. 3. Here, no such occurrences were present as no judgment was entered. See Exhibit 2.

the firearms listed in the felon in possession count must have been "shipped and transported in interstate commerce." Motion filed October 10, 2008 at 3.  In this case, irrespective of whether his counsel advised him or not, this defendant was advised that the firearms had to be shipped in interstate commerce.  The indictment itself avers that the firearms upon which the government was seeking a conviction "had been shipped and transported in interstate commerce." See Indictment filed December 21, 2006, pg. 2.  Further, in the plea agreement filed in this case, the plea agreement stated the government was required to prove beyond a reasonable doubt that "[s]econd, the firearm had been shipped or transported in interstate commerce." See Plea Agreement ¶ 2.  In the factual basis, the facts note in the first paragraph that the "firearms had been shipped and transported in interstate and foreign commerce."   See Plea at ¶ 5.  The third paragraph of the factual basis also notes that the "firearms had also been shipped in interstate and foreign commerce." Id.  The defendant signed this plea agreement and acknowledged that the plea agreement was signed by him.  Id. at pg. 11; Transcript dated June 7, 2007, at pg. 5 (CR 74 filed December 11, 2008).  Further, in the plea colloquy with the court, the defendant acknowledged that the government was required to prove beyond a reasonable doubt that the firearms needed to be shipped in interstate commerce and confirmed that the factual basis was correct that the firearms were shipped in interstate commerce.  See June 7, 2007 Transcript pg. 9-11 (CR 74 filed December 11, 2008).

Clearly, there was no error in this case. To the extent that any error incurred, there was simply no prejudice since the defendant was well advised through the indictment, plea and plea colloquy, that the firearms were required to be transported or shipped in interstate commerce. Strickland v. Washington, 466 U.S. at 694 (in order to prevail on an ineffective assistance of counsel claim, the defendant must show that there is some reasonable probability that but for his counsel's unprofessional performance, the result of his case would have been different) Therefore, this claim is also without merit and must be denied.

### 3.   Fine Amount was Appropriate

Lastly, the defendant contends that his trial counsel erred by not objecting to the imposition of a fine when he did not have the ability to pay such a fine.  In essence, the defendant now claims that this fine was wrongly imposed.  While the officer noted that the defendant was presently unable to produce income due to his incarceration status, he had, nevertheless, produced income in the past from his business and that he could do so in the future.  See Defendant's Presentence Investigation Report ("PSR"), ¶¶ 61-64, p. 14.  According to the report, the defendant earned an income of between $150,000 to $280,000 annually.  PSR at ¶ 64.  Conceivably, upon the defendant's release from prison, he will again begin to produce income which, over a three year term of supervised release, the defendant clearly has the ability

to pay a $10,000 fine.[5]  The district court was justified in imposing the fine since the PSR itself justified this imposition. The defendant is not claiming that these figures are incorrect. It appears that his only objection is that he is incarcerated. Again, once released, the defendant will produce income and will have an ability to pay a fine.  All the defendant is seeking is merely a windfall by not being obligated to pay this reasonable fine.  Again, no error occurred and this claim must also be rejected.

**CONCLUSION**

For the reasons discussed above, the government respectfully requests that the defendant's 28 U.S.C. § 2255 motion be denied.

Respectfully submitted,

LAWRENCE G. BROWN
Acting United States Attorney

DATED: 2/27/09          BY:   /s/ Stanley A. Boone
                              STANLEY A. BOONE
                              Assistant U.S. Attorney

---

[5]  This results in a yearly obligation of $3,333.33, a monthly obligation of $277.77 or a daily obligation of $9.25. Surely, this defendant has the ability to pay this fine.