IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF TULARE

DEPARTMENT V          HON. JOHN P. MORAN, JUDGE

THE PEOPLE OF THE STATE OF CALIFORNIA,          )          **ORIGINAL**

        Plaintiff,          )

        vs.          )          NO.   35976
            )          JUDGMENT

TALAL CHAMMOUT,          )

        Defendant.          )
_____)

Visalia, California          SEPTEMBER 14, 1995

REPORTER'S TRANSCRIPT

(Pages 1 through 7)

FILED
TULARE COUNTY

NOV 1 7 1995

Stephen Konishi, Clerk
By:

APPEARANCES:

  For the Plaintiff: PHILLIP CLINE
                DISTRICT ATTORNEY
                BY: SHARON HENRY, DEPUTY
                County Civic Center, Rm 224
                Visalia, CA  93291

  For the Defendant: CONFLICT
                PUBLIC DEFENDER
                BY: CHARLES ROTHBUAM, ESQ.
                County Civic Center
                Visalia, CA  93291.

AMBER L. FORD, CSR No. 6141
TULARE COUNTY SUPERIOR COURT

1

SEPTEMBER 14, 1995

(Whereupon, the following proceedings were held in open court, to wit:)

THE COURT:  Let's take up Chammout.

MR. ROTHBAUM:  Yes.

THE COURT:  You might announce that anyone who is appearing on this Chammout case or wants to be present can come in.

MR. ROTHBAUM:  He wondered off for a moment, your Honor.

THE COURT:  All right.  Anybody else out there is interested in this case?

THE BAILIFF:  There was no one that responded.

THE COURT:  Why don't you just wait Mr. Rothbaum.  And when he shows up or you can wait out there and bring him in and we'll take care of this matter.

MR. ROTHBAUM:  Okay.

(Whereupon, the proceedings were recessed.)

THE COURT:  Well let's take up this Chammout matter while he is talking to his client.

MR. ROTHBAUM:  Thank you.

THE COURT:  This is the time set for imposition of sentence in this matter.  I have

reviewed the report of the probation officer. Do you have any comments Miss Henry?

MS. HENRY: I ask the Court to follow the recommendation of the probation officer.

THE COURT: Probation officer had two recommendations.

MS. HENRY: Right. Depending upon what the Court chooses, if the Court chooses to grant probation, even though I was not the trial attorney on the case, I have read the file and the facts as submitted by the probation officer and feel that this defendant should receive the maximum local time in custody for the conduct that he engaged in and the charges that he was convicted of.

THE COURT: Mr. Rothbaum?

MR. ROTHBAUM: Your Honor, I had a distinct impression that we were talking about a probationary sentencing.

THE COURT: I am going to impose probation in this matter. A state prison sentence is inappropriate because he hasn't previously suffered any incarceration as a result of his violent conduct. He is a very violent, dangerous person.

MR. ROTHBAUM: Well, your Honor I think

these are difficult times for a person to be running a retail business. And he has had to endure a lot of harassment and even criminal conduct. And he is, you know, he is really just a businessman out there trying to make a living running a market. These are dangerous times to be running that kind of a market. And unfortunately this episode here has put him in a position now where he is threatened with losing not just freedom for a period of time but his business licenses as well. I mean his entire livelihood is on the line here.

I would request that -- well, two things. One is he needs -- the monitor people told him that once the sentence is imposed they can then approve or disapprove of his application. So he will need a 30 day stay of the remand date. The other thing is I would like to see both these cases sent down as misdemeanors. So he would be in a position not to lose his business licenses.

He has he has got a liquor license to be concerned about. He has a license to sell lottery, which he is going to lose. And both things are needed in order for him to support himself and his family.

THE COURT: The Court's primary concern is treating this matter severely enough so that we never have any violence committed by this man in the future. Now, he can never own a firearm again. And the Court is going to impose a sentence that's going to cause him enough inconvenience as to likely deter him from violence in the future.

His application for probation is granted. Imposition of sentence is suspended for a period of five years on the following terms and conditions.

He will serve 365 days in the custody of the Tulare County Sheriff with credit for one day served. He will pay restitution in the amount of $500.00 to the probation officer in installments of $25.00 per month commencing 30 days after his release from custody and continuing on the same day of each month thereafter. Those amounts will be paid to the State Board of Control.

He will pay $702.00, $260.00 is a fine, $442.00 a penalty assessment in installments of $25.00 to the probation officer with installments of restitution. Those amounts will be paid to the county treasurer. Information will

be released to the victim.

He will obey all laws. He will report to the probation officer promptly upon his release from custody and thereafter as directed by the probation officer. He will reside in the county unless he has permission from the Court or the probation officer to reside elsewhere. And he will promptly advise the probation officer of any change of address.

He will submit to a search of his person, residence, and automobile without a warrant by a peace officer or probation officer. He is advised that he is not to possess any firearm for a period of ten years. Well pursuant to 12021(C)(1). This is in addition to the prohibition that he never possess a firearm as a result of being a felon.

He will have no further contact with the victim. He will contact Room 204 of the court house concerning his financial obligations.

He will pay a restitution fine. And the Court finds he has the ability to do so in the amount of $1,000.00. I'll stay that pending his successful completion of probation and thereafter the stay will become permanent.

He will pay $330.00, and the Court

finds he has ability to do so, to the probation officer for the preparation of the probation report.

The remaining counts are dismissed. He will surrender himself at the Bob Wiley Detention Facility at 7:00 a.m. on Thursday October 5th. Thank you.

MS. HENRY: Thank you.

(Whereupon, the proceedings were concluded.)

AMBER L. FORD, CSR No. 6141
TULARE COUNTY SUPERIOR COURT

STATE OF CALIFORNIA )

                    )        ss.

COUNTY OF TULARE    )


          I, AMBER L. FORD, an Official

Certified Shorthand Reporter of the Superior Court

of the State of California, do hereby certify:

          That the foregoing action was taken

down in stenographic shorthand writing and

thereafter transcribed into typewriting, pages 1

through 7, and that the foregoing transcript

constitutes a full, true, and correct transcript

of said proceedings.

          Dated:   NOVEMBER 8, 1995.




          _____
          AMBER L. FORD, Official
          CSR No. 6141